WILLIAM D. HALE, as Receiver of the Ameri-
can Savings & Loan Association, Appellant *v.*
ZEPHANIAH THOMAS, ALVIRA THOMAS,
WILLIAM N. THOMAS, ELIZABETH L.
THOMAS, JOHN EDWARD THOMAS, ANNIE
THOMAS, and WARREN K. BURNHAM, As-
signee for the Benefit of Creditors of
ZEPHANIAH THOMAS and A. GEORGE BAR-
BER, Assignee for Benefit of Creditors of
WILLIAM N. THOMAS, Respondents.

BUILDING AND LOAN ASSOCIATIONS — BORROWING MEMBER — DUES
PAID—HOW APPLIED.

Where a borrowing member of a building and loan association,
besides paying interest on the loan, pays a certain amount
every month, as dues on his stock in the concern, he is entitled
to credit for dues paid as and for a like amount on his prin
cipal loan.[1]

( Decided Nov. 11, 1899.)

Appeal from the First District Court, Cache County,
Hon. C. H. Hart, *Judge.*

Action by plaintiff to recover a certain sum claimed to
be due on account of a loan made by plaintiff's predecessor
to defendant and to foreclose a mortgage and lien on cer-
tain shares of stock in a building and loan association.
From a judgment for defendant plaintiff appealed. Af-
firmed.

---

[1] *Sawtelle* v. *North American Savings Co.*, 14 Utah, 443; *People's
Building Ass'n* v. *Fowble,* 17 Utah, 122.

*James C. Walters, Esq.*, for appellant.

Under the decisions of the supreme court of this state, under contracts, more or less, like the one in this action, it was held that the monthly payments of stock dues was to be credited toward the reduction of the indebtedness, under the rule of partial payments. *Sawtelle* v. *Savings Co.*, 14 Utah 443; *Association* v. *Fowble*, 53 Pac. 999.

And while these cases are contrary to the great weight of authority on this proposition, they are accepted in this argument as correctly stating the law. But the contention of the appellant is that there is a wide distinction to be made between cases where the association is solvent and where the association is insolvent.

In both the Sawtelle case and the Fowble case the association was, so far as the record shows, a solvent, going, concern. In all the cases cited in the opinions rendered in these two cases, the associations, as far as the record shows, were solvent. The only case, which we have been able to find, which holds that the same rule will be applied to an insolvent association, is *Buist* v. *Bryan*, (S. C.) 21 S. E. 537, and we believe that this case holds the unique position of being alone in its holding.

The vast weight of authority certainly is that where the corporation is insolvent (no matter what may be the rule when the corporation is solvent), the payments on stock are not allowed to be credited toward the reduction of the indebtedness, in determining the amount due. *Strohen* v. *Association*, 115 Pa. St. 273; *Wohlford* v. *Association*, 140 Ind. 662, 29 L. R. A. 177; *Eversmann* v. *Schmitt*, 53 O. St. 174; *Price* v. *Kendall*, 36 S. W. (Texas) 810; *Post* v. *Association*, 37 S. W. 216, 34 L. R. A. 201; *Rogers* v. *Raines*, 38 S. W. (Ky.) 483; *Knutson* v. *Maxwell*, 69 N. W. (Minn.) 889; *Association* v.

*Pattison*, 65 Ga. 373; *People* v. *Lowe*, 117 N. Y. 175; *Association* v. *Conover*, 14 N. J. Eq. 219; *McGrath* v. *Hamilton*, 44 Pa. St. 385; *Brown* v. *Archer*, 62 Mo. App. 277; *Quein* v. *Smith*, 108 Pa. St. 331; Callahan's Appeal, 124 Pa. St. 138; *Curtis* v. *Association*, 36 Atl. R. 1023 (Conn.); *Rogers* v. *Hargo*, 92 Tenn. 35; *Pioneer Co.* v. *Cannon*, 96 Tenn. 599; *Choisser* v. *Young*, 69 Ill. App. 252; *Carpenter* v. *Richardson*, 46 S. W. 452; *Ware* v. *Association*, 38 Atl. R. (N. J.) 643; *Hale* v. *Cairns*, 77 N. W. (N. D.) 1010.

*Frank K. Nebeker*, for respondent.

Respondents contend that this case is controlled by the principles announced by this court in the cases of *Sawtelle* v. *Savings Co.*, 14 U. 443, and *Association* v. *Fowble*, 55 Pac. 999. It would seem that in this State, these two cases, taken together, have forever settled the question as to the applicability of "dues" on shares of stock in building associations to the loan of borrowing members thereof.

In *Buist* v. *Bryan*, 21 S. E. 537, it was held: "(1) That the appointment of a receiver terminates the contract with the mortgagor as originally contemplated: (2) That the mortgagor, who is also a shareholder, is not liable for monthly dues accruing after the appointment of a receiver. (3) That upon the termination of his contract with the association, as originally contemplated, the mortgagor is entitled to credits on his mortgage, both for the amounts paid as interest and also as dues on his shares of stock."

The same rule is applied in *Strauss* v. *Loan Association*, 23 S. E. 451; *Rowland* v. *Loan Association*, 18 S. E. 965; Id. 22 S. E. 8; *Meroney* v. *Loan Association*, 27 S. E. 118, and *Thompson* v. *Loan Association*, 27 S. E. 118.

BARTCH, C. J.

The American Savings & Loan Association was a corporation organized under the laws of the State of Minnesota, and was doing business in this state.

It appears from the findings of fact, the correctness of which is not disputed, that on March 21, 1889, defendant Zephaniah Thomas, applied for membership in the corporation, subscribed for and became the owner of 34 shares of its capital stock, upon each share of which he agreed to pay sixty cents per month, aggregating a monthly payment of $20.40 , as dues to be continued until the matured value would amount to $100 per share. On the same day he applied to the association for a loan of $1,700, for which he bid $50 per share, or $1,700 premium. His bid was accepted and the $1,700 paid him on July 1, 1889, when as security for the loan, with interest at six per centum per annum, payable monthly, and as security for the monthly dues of $20.40 and the premium of $50 per share, he and his wife executed and delivered, to the association, a bond and mortgage on certain real estate, and at the same time, as collateral security for the loan, he assigned to the association his 34 shares of stock.

On January 7, 1890, he conveyed the mortgaged premises to defendant William N. Thomas, and assigned and delivered the stock to him. On February 24, 1893, the grantee conveyed the property to defendant John Edward Thomas, but neither the last grantee nor his grantor, prior to the appointment of the receiver, had any actual knowledge of the terms of the bond and mortgage, which, however, were recorded in the proper office. The sum of $28.90 was paid monthly by the mortgagor and successive owners of the property to the association until January 14, 1896, the time of the appointment of the receiver.

$20.40 of this was monthly applied as dues on the stock, and $8.50 as interest on the loan. The whole amount so paid by these defendants to the association was $2243.30. This suit was brought to recover the further sum of $1700, with interest thereon at the rate of seven per cent. per annum from July 1, 1889, less $931.30 interest paid, and the sum of $150 attorney's fee, and to foreclose the mortgage and the lien of the association on the 34 shares of stock.

A cross-complaint was filed by the defendants, and at the trial a decree was entered ordering the plaintiff to cancel, release of record, and surrender the bond and mortgage to the defendant John Edward Thomas, who also recovered of the plaintiff the sum of $168, with interest at seven per cent. per annum from December 14, 1895, and costs. It was further ordered that defendant William N. Thomas surrender to plaintiff for cancellation his shares of stock. Thereupon the plaintiff appealed.

The decisive question is, whether the dues paid on the stock should be applied as payments on the indebtedness or loan. We think they should. This precise question has twice been decided in the affirmative by this court.

In *Sawtelle* v. *North Amer. Savings Co.*, 14 Utah 443, the material facts were very similar to those in this case, except that the association was a going concern, while in this case it is insolvent. The fact of insolvency, however, does not affect the principles involved and applicable in the determination of the question. In that case we held that the dues paid on the stock must be applied in reduction of the debt, and in the course of the opinion, referring to the purchaser, who, same as the purchaser here, had purchased the property subject to the mortgage and agreed to pay the incumbrance, it was said: "No doubt, in equity and justice, he is bound to pay the

principal sum, with the interest stipulated. But is he bound to do more? Is he bound also to pay dues on stock in which he never had an interest, and assume the burden of a contract of which he had no actual knowledge? We are aware of no rule of equity which would effect such a result, under the facts and circumstances as they appear in this case, and think it quite clear that all the stock payments must be applied as payments on the debt, and that such was the principal purpose for which they were intended; and this even as between a borrowing member and the corporation. * * * Whatever may be the form by which the stock of a borrowing member is transferred to the corporation, the ultimate object of the monthly payments is the extinguishment of the debt. This is true regardless of the efforts of the agents of such corporations to obscure the relationship of the payments to the principal sum. Whatever may be their ingenious devices to show to the borrower that the loan, in some mysterious way, pays itself, without his knowledge, and that the monthly payments of the dues are a profitable investment in stock, the fact is that the loans are paid by means of the monthly assessments on the stock. This kind of a contract for the loaning of money is not such as to commend itself to the special favor of a court of equity."

So, in *People's Building Asso.* v. *Fowble*, 17 Utah, 122, where the same question was again considered, it was said: "Where, as in this case, the association has undertaken, by foreclosure proceedings, to determine the relations existing between it and the grantee of the mortgaged premises, who has assumed and agreed to pay the debt, such grantee has the right to have the stock payment whether paid as dues or premium, credited on the loan."

We have no disposition to depart from the doctrine of

those cases.   In addition to the authorities therein cited, see *Buist* v. *Bryan*, 44 S. C. 121; *Strauss* v. *Building & Loan Association*, 117 N. C. 308; *Rowland* v. *Loan Association*, 116 N. C. 877; *Thompson* v. *Loan Association*, 120 N. C. 420.

To hold otherwise, in the case at bar, would be a great injustice to the defendants, as an examination of the facts hereinbefore referred to and the amounts sued for will show.   Nor do we think the court erred in its conclusions of law.   There appears to be no reversible error in the record.

The judgment is affirmed, with costs.

MINER, J., and BASKIN, J., concurred