THE PEOPLES' BUILDING, LOAN AND SAV-
INGS ASSOCIATION, APPELLANTS, *v.* GUSTAVE
KROEGER, S. W. MORRISON, MORRISON,
MERRILL & COMPANY, RESPONDENTS.

*Building and Loan Associations—Bond and Mortgage Providing
Fixed Amount Per Month as Interest—Obligor not Entitled to
have Rule of Partial Payments Applied to Interest.*

Where a bond and mortgage, given by defendant K. to plaintiff
at the time of procuring a loan, both provided for the pay-
ment of a stipulated sum per month as interest on the loan,
K. and his successors in interest were entitled to credit
against the principal, only for payments of dues and pre-
miums and not to deductions for interest paid on the loan.
The rule of partial payments does not apply in such cases.[1]

( Decided June 1, 1900.)

Appeal from Third District Court, Salt Lake County.
Hon. Ogden Hiles, *Judge.*

Action to recover a balance due plaintiff on a bond exe-
cuted by Kroeger as a stockholder in plaintiff company,
evidencing a debt secured by mortgage. From a judg-
ment for defendants, plaintiff appealed. *Reversed.*

*Messrs. Stephens & Smith,* for appellant.

No relief will be granted by the court unless there is an
allegation in the complaint or answer upon which to base
such relief, nor unless there is a prayer for the same.

_____

[1] See *Peoples' B. Ass'n* v. *Fowble,* 17 Utah, 122; *Sawtelle* v. *North
Amer. Savings Co.,* 14 Utah, 443.

There is no allegation in the answer of over-payment, nor prayer for relief upon that ground, and no counter-claim set up. The court therefore erred in entering judgment against plaintiff, and in favor of the defendants.

Upon this point we cite the following authorities: Sec. 3187, Revised Statutes, 1898; Black on Judgments, Vol. 1, Sec. 141; Estee's Pleadings, Sec. 4756; *Green* v. *Covilland*, 10 Cal. 332; *Tomlinson* v. *Monroe*, 41 Ind. 96; *Christian College* v. *Hurdley*, 49 Ind. 349; *Boone* v. *Chiles*, 10 Peters, 177; *Jackson* v. *Ashton*, 11 Peters, 229; *Evans* v. *Gibson*, 77 Am. Dec. 565; *Crocket* v. *Lee*, 7 Wheaton, 522: *Carneal* v. *Banks*, 10 Wheaton, 181; *Cox* v. *U. S.*, 6 Peters, 172; *Simms* v. *Guthrie*, 9 Cranch, 19.

Under the ruling of this court, in the Fowble case, 17th Utah, 122, held that the payments of premium must be credited as going towards the reduction of the principal of the loan, but in no case has this court held that such a contract will be declared null and void, and computed on the basis of partial payments, or that interest will be allowed on interest.

*J. M. Bowman, Esq.*, for respondent.

That the payments made in the manner described by the appellant all go to the liquidation of the debt, and in all business transactions other than these associations, partial payments made always reduce the principal and the interest charge, and nothing has presented itself in this case which should exempt the appellant from the application of this rule. Sawtell Case, 14 Utah, 445; Fowble Case, 17 Utah, 124; *Thomas Howells, et al.* v. *Pacific Sav. L. & Bldg. Co.* decided at last term.

BARTCH, C. J.

It is shown by the record that the defendant Kroeger was a stockholder in the plaintiff association, and that on July 7, 1891, he executed a bond, whereby he undertook to pay to the association the sum of $1,000 in five years from date thereof, and $4.17 contribution of interest and $4.17 contribution of premium, each and every month thereafter, commencing July 25, 1891, and to be continued and made on or before the last Saturday of each month until the full sum secured would be paid. As security for the payment of this obligation, the obligor executed a mortgage, upon certain property situate in Salt Lake City, wherein the terms of the bond were set forth. It was also provided in the mortgage that the mortgagor should keep the buildings upon the premises insured, and pay all taxes and assessments which might be levied against the property, and if he failed to do so, that the association could effect the insurance and pay the taxes, in which event, such expenditures should become a part of the mortgage debt.

The property was afterwards conveyed to S. W. Morrison, who assumed and agreed to pay the mortgage indebtedness, and he thereafter conveyed the premises to the defendant, Morrison, Merrill & Company. Kroeger and the vendees continued to pay the interest, premium and fines until April 1, 1896, when they ceased to make further payments, and also to procure insurance and pay the taxes as provided in the contract. Thereafter, the plaintiff claiming a balance still due it, brought this suit to recover such balance. The defendants alleged payments made in full compliance with the terms of the contract, and prayed that the same be declared fully satisfied and discharged. At the trial the court entered judgment in favor of the defendants in the sum of $38.55, for money paid over and above the amount due the association on

the bond and mortgage, and for costs, and declared the premises discharged from the mortgage lien.    From that judgment this appeal was prosecuted.

The decisive question is whether the court erred in applying the rule of partial payments to this case.    It appears that the court permitted the defendants to make a computation of the amount due under the contract, upon the basis of the partial payments made each month, by computing interest upon the principal at the rate of 5 per cent. per annum and deducting interest upon interest at the same rate.

The appellant contends that this was contrary to the terms of the contract.    We are of the opinion that such contention is well founded.    Both the bond and mortgage provided for the payment to the association of $4.17 per month as interest on the loan.    The parties thus, instead of providing for the payment of interest at a certain rate per annum stipulated for the payment of a definite and fixed sum per month, and, under the circumstances disclosed by the record, they must be held bound by the terms of their contract.    The defendants were entitled to credit against the principal sum for all monthly payments of dues and premiums on the stock, but not to deductions for interest paid for the loan.

This court in *People's Building Association* v. *Fowble,* 17 Utah, 122, following the case of *Sawtelle* v. *North Amer. Savings Co.,* 14 Utah, 443, said:    "Where, as in this case, the association has undertaken, by foreclosure proceedings, to determine the relations existing between it and the grantee of the mortgaged premises, who has assumed and agreed to pay the debt, such grantee has a right to have the stock payment, whether paid as dues or premium credited on the loan."

The respondent relies upon these cases, but, upon exam-

ination, it will be seen that in neither of them was there, any question considered or decided relating to the application of the rule of partial payments, or to the deduction of interest in determining the amount due under the contracts. Under the terms of the contract in this case, the association was entitled to retain absolutely the monthly payments of interest, and the court erred in applying the rule of partial payments and permitting deductions of interest.

The case must therefore be reversed with costs, and the cause remanded with directions to the court below to set aside its judgment and proceed in accordance with this opinion.

It is so ordered.

MINER, J. and BASKIN, J. concur.