23 291|
24 359|

WILSON I. SNYDER, Assignee for the Benefit of the Cred-
itors of Rasband Brothers, Appellant, v. THE FIDEL-
ITY SAVINGS ASSOCIATION, a Corporation, and
EDWIN M. JOHNSON, Respondents.

CONTRACT—FACTS DETERMINING LEX LOCI—CONSTRUCTION OF CONTRACT
—CONSTRUCTION BY PARTIES—ADOPTION BY COURTS—LOAN CONTRACT
—SECURED ON REAL ESTATE—CONSTRUED UNDER LAW OF STATE
WHERE LAND IS SITUATED—BUILDING AND LOAN COMPANY—BORROW-
ER'S CONTRACT—CREDITS.

1. CONTRACT: FACTS DETERMINING LEX LOCI: CONSTRUCTION OF CONTRACT.
Where it appears that a contract for the loaning of money was made
in this State, between the borrowers and a foreign loan company act-
ing through a local agent; that all the acts which gave the contract
force and effect were performed here; that all the necessary papers
were executed here; that the real property given for security was sit-
uated in this State; that the trust deed was recorded here and that
it was clearly the intent of the parties that if the promisees failed to
repay the amount of the loan, the trust deed should be foreclosed in
the courts of this State, the contract must be regarded as a Utah con-
tract, and must be construed in accordance with the laws of this State.

2. CONSTRUCTION BY PARTIES: ADOPTION BY COURTS. Courts are justi-
fied in adopting the interpretation, which the parties themselves by
their acts have placed upon their contract.[1]

3. LOAN CONTRACT: SECURED ON REAL ESTATE: CONSTRUED UNDER LAW OF
STATE WHERE LAND IS SITUATED. A contract for the loaning of money
secured by trust deed upon real property, situated in the State where
the contract is made, must be construed according to the laws of the
State where the land is situated and the contract made, and not ac-
cording to the laws of the State where the contract happens to have
been made payable.[2]

[1]See Griffin v. Salt Lake City, 18 Utah, 132.
[2]People's Building Assn. v. Fowble, 17 Utah, 122.

4. BUILDING AND LOAN COMPANY: BORROWER'S CONTRACT: CREDITS. The borrower in a building and loan company contract, in this State, is entitled to have stock payments, whether paid as dues or premium, credited on the loan, as well as other payments made in extinguishing the debt.[3]

## Decided March 12, 1901.

Appeal from the Third District Court, Summit County.— *Hon. A. G. Norrell,* Judge.

Action to compel the cancellation of a certain trust deed. From a judgment for defendants, plaintiff appealed.

REVERSED.

*Messrs. Westervelt & Snyder,* and *H. H. Henderson, Esq.,* for appellant.

We think the great weight of authority justifies our contention that, inasmuch as the respondents are bound at all events, and under all circumstances, to seek their remedy in the courts of this State by a foreclosure of their trust deed, they are bound by the laws of Utah for a construction of their contract regardless of the provision in the note that Colorado law shall govern in its construction. Meroney v. Atlanta B. &. L. Ass'n, 116 N. C. 882-887, 890. See, also, Martin v. Johnson, 84 Ga. 481; Pancoast v. Travelers Ins. Co., 79 Ind. 172; Thompson v. Edwards, 85 Ind. 414; Chapman v. Robertson, 7 Paige, 621; Wharton Conf. Laws, sec. 507; B. & L. Ass'n of Dakota v. Griffin, 90 Tex. 480, followed in Natl. L. & Inv.

[3]Sawtelle v. North Amer. Savings Co., 14 Utah, 443; Howells v. Pac. States, etc., Co., 21 Utah 49; 60 Pac. R. 1025; People's B. L. & S. Assn. v. Kroeger, 22 Utah 134; 61 Pac. R. 559; People's Building Assn. v. Fowble, 17 Utah, 122.

Co. v. Stone (Tex. App.), 46 S. W. 67, 68. See, also, So. B. & L. Ass'n v. Atkinson, 20 Tex. Civ. 516; Locknane v. U. S. S. & L. Co. (Ky. App.), 44 S. W. 978, citing, Meroney v. Ass'n, supra; McIlwaine v. Isley, 96 Fed. 68, 69, citing, Jackson v. Mortgage Co. (Ga.), 15 S. E. 812; Pine v. Smith, 11 Gray, 38; Thompson v. Edwards, 85 Ind. 414; Pancoast v. Insurance Co., 79 Ind. 172; Falls v. Building Ass'n, 97 Ala. 417, 24 L. R. A. 174. See, also, Vermont L. & T. Co. v. Hoffman (Idaho), 49 Pac. 314, 37 L. R. A. 509; Fowler v. Equitable Trust Co., 141 U. S. 384, 12 Sup. Ct. Rep. 1; Natl. B. & L. Co. v. Culberson (Ala.), 25 S. W. 173.

In addition to the above authorities, we would respectfully call attention to a recent decision by the Supreme Court of Idaho, where a construction of this same company's contract, an exact counterpart of this one, was involved. The court expressly holds that the corporation, being obliged to seeks its remedy in the courts of Idaho, is controlled by its laws. Fidelity B. & L. Ass'n v. Shea (Idaho), 55 Pac. 1022-25.

It is true that all these decisions were made in states which have usury statutes, but the rule can not be different here, especially when viewed in the light of the decisions of this court construing building and loan contracts generally. The principle upon which these decisions are based is, as already stated, that the mortgage being the gist of the action, it must be foreclosed under the laws of the state where the property is situated. There is no law of Colorado which could make any contract conveying land situate in Utah operative or obligatory. Jackson v. Am. Mtg. Co. (Ga.), 15 S. E. 812; Meroney v. Building Ass'n, supra; McIlwaine v. Isley, supra; Martin v. Johnson, 84 Ga. 481.

By the decisions of the Supreme Court of this State the law is settled that in these contracts all payments made, whether nominally as stock payments, premiums or fines, except interest

computed at the agreed rate and on the partial payment plan, are considered as payments in reduction of the original debt. Sawtelle v. Building Co., 14 Utah 443, 48 Pac. 211; Building Ass'n v. Fowble, 17 Id. 122, 128; Howell v. Pacific States L. & B. Co., 60 Pac. 1025.

*J. M. Lockhart, Esq.,* for respondents.

There is no dispute, but that this case presents two major questions:   (1) What law should control in the construction of the contract, and (2) depending upon the answer to the first, how should the payments made by appellant and his assignors be applied?

A very clearly reasoned case upon the question of what law shall control, is Bennett v. Eastern Building & Loan Association, 177 Pa. St. 233.   Nickels v. The People's B. & L. Ass'n, 25 S. E. Rep. (Va.) 8; Caesar v. Capell, 83 Fed. Rep. 403.

The fact that the loan is made upon real estate does not change the rule that by the law of comity the courts of our State will enforce contracts valid under the laws of a sister State.   DeWolf v. Johnson, supra; Dolman v. Cook, 1 McC. Ch. (N. J.) 56; Blydenburgh v. Cotheal, Hal. Coh. (N. J.) 17,631; Andrews v. Torrey, 1 McC. Coh. (N. J.) 355; Uhler v. Semple, 5 C. E. Green (N. J.) 288; Marsh v. Lasher, 2 Beas. (N. J.) 253; Blydenburgh v. Cotheal, Hal. (N. Y.) 17.

In a suit to foreclose a mortgage in a case similar to the one at bar, the Supreme Court of Michigan says:   "It was dated at Minneapolis, was made payable at Minneapolis, and expressly stated it was made subject to the laws of Minnesota. This clearly makes it a Minnesota contract."   And a decree of foreclosure was entered in accordance with the terms of the

Snyder v. Savings Association.

contract. Russell v. Pierce, 80 N. W. (Mich.) 118. Also to the same effect see Phelps v. American Savings & Loan Ass'n, 80 N. W. (Mich.) 120; Farmers & Mechanics Sav. Co. v. Bazore, 54 S. W. Rep. (Ark.) 339; Salt Marsh v. Spaulding, 147 Mass. 224. See, also, Trust Co. v. Burton, 74 Wis. 329; Andrews v. Pond, 13 Peters U. S. 77-78; Klink v. Price, 4 W. Va. 4; National B. & L. Ass'n v. Ashworth, 22 S. E. Rep. (Va.) 521; Wright v. Lee, 2 S. Dak. 596-625; U. S. S. & L. Co. v. Shain, 77 N. W. Rep. (N. Dak.) 1006. As to the law of comity, see People's Building Ass'n. v. Fowble, 17 Utah 122, 128.

We, second, submit to this court that the rule of partial payments, as sought to be enforced by counsel for appellant, is not in accordance with the weight of authority in the United States. Southern Savings & Loan Ass'n v. Anniston L. & T. Co., 101 Ala. 582; Pioneer S. & L. Co. v. Cannon, 96 Tenn, 599; B. & L. Ass'n v. Hornbecker, 42 N. J. Law, 635; Post v. Mechanics' B. & L. Ass'n, 34 L. R. A. (Tenn.) 201; Hale v. Cairns, 44 L. R. A. (N. Dak.) 261; Thompson on Corporations, sec. 8776, and cases cited 4 A. & E. Enc. of Law (2 Ed.), page 1057, and note 9, also p. 1058, and note 1. See, also, Phelps v. American S. & L. Ass'n, 80 N. W. (Mich.) 120, and cases cited therein.

### STATEMENT OF FACTS.

This is an action to compel the cancellation of a trust deed executed to the defendant Johnson, as trustee for the benefit of the defendant corporation, by Rasband Brothers, who, prior to the commencement of this suit made a general assignment to the appellant for the benefit of their creditors.

From the agreed statement of facts, it appears that on January 9, 1897, the firm of Rasband Brothers, doing business at Park City, Utah, made application in writing, to the defend-

ant corporation, for a loan of $2,000. The application was delivered to and forwarded by J. M. Lockhart of Park City, Utah, to the corporation's office at Denver, Colorado, where the application was approved on the condition that the Rasband Brothers would subscribe for a certain number of shares of the company's stock and assign the same to it, as additional security for the loan, and furnish an abstract, under the direction of said Lockhart, showing a good title to certain real estate to be covered by a trust deed as further security. Pursuant to these requirements, the Rasbands made application through Lockhart for forty shares of stock in the corporation, a certificate for which was issued and retained by the corporation as collateral security for the loan. The number of shares of stock was subsequently reduced from forty to twenty at the instance of this appellant as a means of reducing the monthly payments on the loan. The new certificate was also retained by the corporation. The loan was finally consummated on the eighteenth of February, 1897, when the Rasbands received from the corporation, through said Lockhart at Park City, the sum of $1,949.20, the balance of $50.80 having been retained by the company for advance interest and premium. It was evidenced by a promissory note for $2,000, due on or before ten years from its date, with interest at six per cent per annum, payable at Denver, Colorado, with special reference to Colorado laws, and was secured by a trust deed upon real estate situate in Summit county, Utah. The acts which finally culminated in the loan, were performed at Park City. The note and trust deed were executed and delivered in Park City, and the trust deed was recorded in the office of the recorder of Summit county, Utah, the money was actually paid to the Rasbands by the company's agent, Lockhart, at that place, and all sums paid by them, as also all monthly payments paid by the appellant, as their assignee, were paid to the com-

pany's agent, Geiger, at Park City.   The amounts paid upon the loan are as follows:

Monthly installments to September 26, 1898 . . . . $384.00
By Insurance Company, September 20, 1898 . . .   952.86
By Appellant by personal check . . . . . . . . . . . .   600.00

On the seventeenth day of July, 1899, the appellant tendered the respondents, at their home office in Denver, the sum of $225 as payment in full of the balance due on said note, and demanded a cancellation of record of said trust deed, which tender the respondents refused to accept.   This sum was thereupon deposited with the clerk of the district court.

At the trial, the court held that the contract must be construed in accordance with the laws of the State of Colorado, and that there remained unpaid upon the note and trust deed the sum of $600, as principal, $110.33, as interest to August 15, 1900, and allowed $71.03 for attorney's fee.

Thereupon a decree of foreclosure was entered.   This appeal is from the judgment.

A statement of the case as above having been made, BARTCH, J., delivered the opinion of the court:

The principal question to be determined in this case is, whether the contract, over which this controversy arose, must be construed in accordance with the laws of Colorado, where the note and trust deed by their terms were made payable, or of this State, where the instruments were executed and delivered, and where the real estate given as security is situate.   The appellant insists that, inasmuch as the contract was executed and delivered here, and the trust deed recorded here, and inasmuch as the corporation must seek its remedy in the courts of this State to foreclose the trust deed, the contract should be construed according to the laws of Utah, regardless of the provision contained therein that it was made "with special refer-

ence to the laws of the State of Colorado," while the respondents maintain that, because of such provision and the fact that the note and trust deed were made payable in the State of Colorado, the laws of that State should govern. We are of the opinion that the position of the appellant is substantially correct and must prevail. It will be observed, from the agreed statement of facts, that the makers of the note and trust deed, during the time of the transactions, which have resulted in this controversy were residents of Utah, and that the money was received and used here. It appears they applied to the defendant corporation for the loan, through an agent who was also a resident of this State. All the acts which gave the contract force and effect were performed here. All the necessary papers were executed here, the trust deed was recorded here, and it was clearly the intention of the parties that, if the promisees failed to repay the amount of the loan, the trust deed should be foreclosed in the courts of this State. It could be foreclosed nowhere else, the mortgaged realty being situate within this State. So all the payments of dues, premium and interest were made in Utah to an agent of the Colorado corporation residing here. Under these facts and circumstances, the contract must be regarded as a Utah contract, and must be construed in accordance with the laws of this State, and, as to interest, dues and premium, enforced with reference to our laws as interpreted by our courts. This conclusion is not at variance with the acts of the parties to the transaction, for, as all installments under the contract were made and accepted in Utah, the parties themselves treated it as a Utah contract to be performed in Utah, and the courts are, therefore, justified in adopting the interpretation which the parties, by their acts, have placed upon the contract, and this especially since the real estate, mortgaged and given as security, is situate in this State.

The contention of the respondents, in substance, it would seem, amounts to this:   That the Colorado corporation shall be permitted to transact the business of loaning money in this State in total disregard of our statutes and the decisions of our courts; that, although a foreign institution, it must be permitted to exact and accept trust deeds, on land situate in Utah, from resident owners for money loaned to such owners, and, upon failure to repay the same according to the terms of such instruments, to enforce the contract, wind up the transaction, and sell the land by foreclosure in our courts, where alone jurisdiction to foreclose rests, not in conformity with Utah statutes and Utah decisions but according to Colorado statutes and Colorado decisions; that this foreign corporation, as to lending of money on real estate security, be permitted to ignore the well-settled policy and laws of this State.   Comity of States does not extend to a violation of the laws of the forum, and we are not disposed to accede to the respondents' proposition, but prefer to adhere to the doctrine that a contract, for the loaning of money, made and entered into under such circumstances as are disclosed herein, must be construed according to the laws of the State where the land is situate, and this we believe to be in harmony with the weight of authority.

Rorer on Interstate Law (2 Ed.), p. 65, states the law to be as follows:   "A note made in one State, at a rate of interest lawful in that State, and secured by a mortgage lien on lands situated in such State, and which instruments were for money loaned by a citizen of a different State, and were delivered to him in such other State, where the contract of loan was agreed to, was held to be legal and enforcible in the courts of the State where the land was situate, and where the debtor resided at the time of making the contract, as also of enforcing the same, although such instruments called for a greater interest than allowed by law in the State where the

contract was agreed on and the instruments were delivered, and although in such latter State a forfeiture of the debt is incurred for usury. The ruling was that the whole transaction had reference to the laws of the State where the land was situate, the debtor resided and the instruments were made, although the latter were delivered elsewhere, as above stated, and notwithstanding, also, that the notes were made payable in a still different State than that wherein they were made or delivered, or wherein either party resided. Thus a note and mortgage made in Michigan to secure the same, on real property therein situated, calling for interest at ten per centum, per annum, a rate of interest legal in Michigan, is binding and valid, although the note be payable in New York, where such interest is usurious. Such a contract is a Michigan and not a New York contract, and is, therefore, governed by the laws of Michigan as to its validity."

In Pancoast v. Ins. Co., 79 Ind. 172, where the notes and mortgages were payable in the State of Connecticut, the court said: "It is true that the notes and mortgages are made payable at Hartford, in the State of Connecticut. But it is true that they were executed in this State, the mortgagor lived in this State, the lands lie in this State. And from the terms of the mortgage it is clear that the intention of the parties was that the contract was to be enforced in this State. The mortgage could be enforced nowhere else. In such a case, the law of this State governs, the rate of interest being fixed in accordance with the laws of this State."

So, in Building and Loan Association v. Griffin, 90 Tex. 480, it was said: "The fact that the contract expresses that the money borrowed is to be paid in the Territory of Dakota is met by the real substantial provisions for its enforcement and the circumstances under which the business was transacted, with such overwhelming force that we are brought to the

conclusion that the contract, in so far as it was provided by its terms for the payment of the money in the Territory of Dakota, was simply a device to evade the laws of this State, and that these facts are so manifest from the face of the papers themselves that it ceases to be a question of fact, but becomes a matter of law to be determined from the undisputed evidence that is thus furnished. The contract having been made with a view to its enforcement in the State of Texas and not in the Territory of Dakota, the agreement expressed in it that it should be paid in the Territory of Dakota was intended to enable the loan company by authority of the laws of this State to do business in Texas and set our laws at defiance with impunity, and it can not be enforced by the courts of this State." Whart. Confl. Laws, sec. 508; Meroney v. Loan Association, 116 N. C. 882; Thompson, Adm. v. Edwards, 85 Ind. 414; People's Building Assn. v. Fowble, 17 Utah 122; Locknane v. United States Sav. & Loan Co., 44 S. W. R. 977; McIlvaine v. Iseley, 96 Fed. Rep. 62; Fowler v. Equitable Trust Co., 141 U. S. 384; Fidelity Sav. Ass'n v. Shea, 55 Pac. Rep. 1022; Falls v. U. S. Savings, Loan & B. Co., 97 Ala. 417; Building & Loan Ass'n v. Atkinson, 20 Tex. Civ. 516; Pine v. Smith, 11 Gray 38; Jackson v. American Mort. Co., 88 Ga. 756; Chapman v. Robertson, 6 Paige 627; National Loan & Investment Co. v. Stone, 46 S. W. R. 67.

Having determined that the contract in this case is a Utah contract, and must be construed according to the laws of Utah and the decisions of this court, the appellant is entitled to have the stock payments, whether paid as dues or premiums, credited on the loan as well as other payments made in extinguishment of the debt. Such is the well-settled rule in this State. Sawtelle v. North Amer. Savings Co., 14 Utah 443; People's Building Ass'n v. Fowble, 17 Utah 122; How-

ells v. Pacific States, S. L. & B. Co., 60 P. R. 1025; People's B., L. & S. Assn. v. Kroeger, 61 Pac. Rep. 559.

The case must be reversed, with costs, and the cause remanded, with directions to the court below to set aside its judgment and proceed in accordance herewith.

It is so ordered. *Baskin, J.,* and *Rolapp, D. J.,* concur.