(April 30, 1904.)

## IDAHO COMSTOCK COMPANY v. LUNDSTRUM.
[76 Pac. 762.]

APPEALS, WHEN DISMISSED.

    1. When a case has been remanded from this court with instructions to enter judgment in accordance with the views expressed in the decision of this court, or to modify the judgment to make it consistent with the views expressed in such opinion, and that is done by the trial court, an appeal thereafter taken from said judgment so entered will be dismissed on motion.

(Syllabus by the court.)

APPEAL from District Court of Idaho County. Honorable E. C. Steele, Judge.

Fogg & Nugent, for Appellant, file no brief.

L. Vineyard, for Respondent.

An appeal does not lie from a final judgment of this court made and entered in the lower court by the direction of this court. The attempt is as idle as it is absurd. The moment it is attempted by going through the statutory form of an appeal by filing and serving a notice of appeal and filing an undertak-

ing when it is shown upon motion that no appeal will lie, it will be dismissed. If, however, such an appeal is taken, the supreme court of the United States in the case of *Stewart v. Salamon,* 97 U. S. 361, 24 L. ed. 1044, say: "We will, upon the application of the appellee examine the decree entered, and if it conforms to the mandate, dismiss the case with costs, for it is in effect our decree and the appeal would be from ourselves to ourselves." (*Kimpton v. Jubilee Min. Co.,* 22 Mont. 107, 55 Pac. 919, and authorities cited; 1 Spelling on Appellate Practice, sec. 655; *People v. Van Tassel,* 13 Utah, 9, 43 Pac. 624.)

SULLIVAN, C. J.—This is a motion to dismiss an appeal on the ground that the judgment entered by the trial court was not in accordance with the decision and mandate of this court in a former opinion in the same case, which opinion is reported *ante,* p. 257, 74 Pac. 975. This court has carefully considered the judgment appealed from and find that it conforms in every particular with the views expressed in the former opinion. That being true, the appeal must be dismissed, and it is so ordered, with costs in favor of respondent.

Stockslager, J., concurs.

Ailshie, J., took no part in the decision in this matter.