PHELPS ET AL., RESPONDENTS, *v.* GREAT NORTHERN RY. CO., APPELLANT.

(No. 5,542.)

(Submitted June 10, 1924. Decided June 21, 1924.)

[227 Pac. 65.]

*Appeal and Error—Supreme Court—Remand of Cause With Direction to Modify Judgment—Appeal from Judgment After Modification Does not Lie.*

1. Where the supreme court remands a cause to the district court with directions to modify the judgment appealed from by reducing the amount of damages awarded, provided the consent of respondent be given within a certain time, and such consent is given and the judgment modified accordingly, the modified judgment becomes in effect the judgment of the supreme court and from it an appeal does not lie.

*Appeal from District Court, Yellowstone County, in the Thirteenth Judicial District; Frank P. Leiper, Judge of the Seventh District, presiding.*

[71 Mont. 56.]

ACTION by L. G. Phelps and another against Great Northern Railway Company. Judgment for plaintiffs and defendant appeals. Appeal dismissed.

*Mr. I. Parker Veazy, Jr.,* for Appellant, submitted a brief and argued the cause orally.

*Mr. E. E. Enterline,* for Respondents, submitted a brief and argued the cause orally.

## Opinion: PER CURIAM.

On a former appeal in this case (66 Mont. 198, 213 Pac. 610) the cause was remanded to the district court with directions to grant the defendant a new trial unless within ten days after the filing of the *remittitur* the plaintiffs should give their consent in writing that said judgment be reduced in the sum of $1,020 and if such consent was given, thereupon the original judgment should be modified accordingly as of the date of its entry and as so modified should stand affirmed. Subsequent to that decision a *remittitur* was issued from this court, and within ten days after the same was filed in the district court, the plaintiffs elected to and did file a written consent to the reduction of the original judgment in the sum of $1,020, whereupon a judgment for the reduced amount was duly entered in the district court and from that judgment the defendant has appealed to this court.

We cannot entertain this appeal. The judgment entered by [1] the district court under the mandate of our former decision, in effect became the judgment of this court. The district court had no discretion in the matter. It could give no relief other than that which was specifically pointed out to it.

In *Kimpton* v. *Jubilee Min. Co.,* 16 Mont. 379, 41 Pac. 137, 42 Pac. 102, the judgment appealed from was reversed and the cause remanded to the district court, with directions to enter a specific judgment in favor of the plaintiffs. In accordance therewith such a judgment was entered in the district court and from it the defendants appealed. When this latter appeal

came to be heard this court declined to consider it and ordered the same dismissed (22 Mont. 107, 55 Pac. 918), for the reason that it was in effect an appeal to this court from its own judgment. The same principle applies here. When the plaintiffs filed their written consent to the reduction of the original judgment in the sum of $1,020 the district court had nothing to do except modify the judgment as directed by this court. This it did, and the judgment as so modified stood affirmed and was in effect the judgment of this court.

On the authority of *Kimpton* v. *Jubilee Min. Co., supra,* we think the appeal in this case should be dismissed, and it is so ordered.

*Dismissed.*