Argued April 1; affirmed April 15 (see 132 Or. 556) mandate
recalled for correction September 16, 1930

STATE ex rel. LA FOLLETT *v.* LA FOLLETT et al.

(291 P. 391)

For former opinion, see 132 Or. 556 (287 P. 82).

*John A. Jeffrey* of Portland for appellants.

*J. F. Alexander* and *Guy L. Wallace,* both of Portland, for respondent.

COSHOW, C. J.    Defendant attempts to appeal from a judgment of the circuit court for Multnomah county entered in obedience to a mandate of this court. The opinion of the court in the above entitled case was rendered April 15, 1930. The error assigned in the attempted appeal was made by this court and not by the circuit court for Multnomah county. There can be

no appeal from the circuit court based on that court's obedience to a mandate issued by this court. Conceding the mandate to be erroneous, the circuit court did not err in entering it of record as commanded by this court. The attempted appeal from the order entering the mandate will be treated as a motion to recall and correct the mandate.

The error consists of entering a judgment for the amount owing by defendant to relator on account of a judgment in a divorce decree. The judgment required the defendant to pay the sum of $75 per month commencing September 1, 1929, the further sum of $100 court costs, and attorney's fee, and her costs and disbursements.

The only question involved in the appeal out of which the mandate issued was the legality of the judgment holding defendant, Charles R. LaFollett, to be in contempt. The issues do not support that part of the mandate entering judgment against the defendant, Charles R. LaFollett, and his surety, J. W. LaFollett, for the amount above specified, or any other amount other than the costs and disbursements in said action. We treat, therefore, the motion for the discharge of defendant in the pending attempted appeal from the order issuing the erroneous mandate as a motion to recall said mandate and to correct it. The order is allowed.

The mandate is recalled and will be corrected.