LLOYD, Appellant, *v.* CITY OF GREAT FALLS et al., Respondents.

(No. 7,941.)

(Submitted February 6, 1939. Decided February 13, 1939.)

[87 Pac. (2d) 187.]

*Mr. C. H. Hall,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. Julius J. Wuerthner, Mr. C. W. Murch, Mr. Paul J. Murphy, Mr. S. C. Ford* and *Mr. Sam D. Goza, Jr.,* submitted a brief; *Messrs. Wuerthner, Murphy* and *Ford* argued the cause orally.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

This is a second appeal in an action by a taxpayer of the city of Great Falls to enjoin the defendants from erecting a civic center building on lands deeded to the city for park purposes. Judgment originally went for defendants and plaintiff appealed.

On the first appeal, ante, p. 442, 86 Pac. (2d) 395, this court decided that under the facts of the case the city council could vacate portions of the parks in question, and could then use them as a site for the construction of the proposed civic center building, if waivers of the restrictions could be obtained from the grantors or their successors in interest. The cause was therefore remanded to the district court with directions to modify its conclusion so as to grant injunctive relief to the plaintiff until such waivers of the restrictions had been obtained, and as thus

modified the judgment was affirmed. Nothing was said as to costs.

Subsequently, on January 27, 1939, the district court entered its decree pursuant to remittitur from this court, which, after recital of preliminary matters, was as follows:

"Now, therefore, in pursuance to the remittitur and opinion of the Supreme Court of the State of Montana, it is hereby adjudged, ordered and decreed that said defendants be and they are hereby restrained from erecting the said 'Civic Center' building on the area in controversy, as set out in the pleadings, until such time as proper conveyances, waivers, or deeds, in pursuance thereof, shall have been obtained from the original donors or their successors in interest of the tract in question; that when such deeds have been so obtained the defendants herein cease to be and are no longer restrained from the erection of the said 'Civic Center' building on the area in controversy;

"It is hereby further ordered and decreed that each of the parties in the above entitled action shall pay his own cost bill in the District and in the Supreme Court."

Five days later plaintiff gave notice of his appeal "from that certain judgment and decree made and given in the above entitled cause on the 27th day of January, 1939, * * * and from the whole thereof. This appeal is taken both on questions of law and facts." On the following day counsel for the defendants filed their motion "to strike the Notice of Appeal and Appeal, or to dismiss said Appeal for the reason that said pretended appeal or appeal is frivolous, and that no appeal lies from the judgment described in said Notice of Appeal, and to assess damages against said plaintiff and appellant, in accordance with the provisions of Rule XVIII of the Rules of this Court."

Annexed to the motion as Exhibits B, C and A, were a copy of the notice of appeal, certified by the clerk of the district court; a copy of the "decree pursuant to remittitur from the supreme court," certified by the clerk of the district court; and the affidavit of Julius J. Wuerthner, the mayor of the city of Great Falls. The affidavit, in addition to referring to the other exhibits and recounting the various proceedings had subsequent

to this court's remittitur, recited that the appeal and the notice thereof had no basis in law, but had the effect of embarrassing the city of Great Falls in obtaining the necessary waivers, and that it was delaying the sale of the bonds to be issued by that city, and was endangering the federal grant of 45% of the cost of the proposed building.

H. C. Hall, an attorney for the plaintiff and appellant, filed a counter-affidavit, denying that the new appeal was without legal basis or that it was intended for the purposes set forth in the respondents' affidavit, or that it would have the effects feared. The counter-affidavit further recited that the decree entered by the district court pursuant to the remittitur from this court was not in accordance therewith, for the reason that it did not provide that the lands in question be vacated from park or street purposes by the city council before the commencement of the erection of the building, and that it was further objectionable in providing "that each of the parties in the above entitled action shall pay his own cost bill both in the District and in the Supreme Court."

Appellant contended further that the motion to strike the notice of appeal and to dismiss the appeal was premature, for the reason that the record is not before the court, the transcript on appeal not yet having been filed.

The question is thus presented to this court whether, assuming that the appeal is groundless and taken purely for purpose of delay, the court is powerless to take any action until such time as the record is formally before it. This court is not willing to assume that it is helpless to take the necessary action to enforce its decisions, and we shall therefore proceed with the question before us, since the motion brings up certified copies of the decree and of the notice of appeal, and since the court takes judicial notice of its decision pursuant to which the decree in question was entered.

Appellant's first objection to the decree was that it included no requirement to the effect that the city council must vacate the premises for park or street purposes prior to commencing the construction of the building. No such requirement

having been made in the opinion of this court, the district court's decree upon remittitur could not properly have included it, and the objection is, therefore, not good.

The second objection was that the decree entered pursuant to the remittitur required each party to pay his own costs, although this court's decision failed to mention the matter of costs. The district court's action in this respect was the only one that could properly have been taken under the remittitur. Under section 9791, Revised Codes, the costs of appeal were in the discretion of this court; and since the judgment appealed from was modified and affirmed without an award of costs to either party, neither could recover costs, and the district court's action was correct. If either party had desired an express ruling on costs, the matter might have been raised on motion for rehearing; as this was not done, the district court, in order to make the decree pursuant to remittitur complete, inserted the proper cost provision. The objection is therefore without validity.

In our opinion, the decree entered pursuant to the remittitur from this court in all substantial respects complied with this court's opinion on the original appeal. It follows, therefore, under the decisions of this court in *Kimpton* v. *Jubilee Placer Min. Co.*, 22 Mont. 107, 55 Pac. 918, and *Phelps* v. *Great Northern Ry. Co.*, 71 Mont. 56, 227 Pac. 65, that the decree pursuant to the remittitur from this court is in effect the judgment of the supreme court, and from it an appeal does not lie.

The motion is therefore granted; the notice of appeal is ordered stricken and the attempted appeal dismissed. The respondents shall recover from appellant their costs, if any, upon this appeal.

ASSOCIATE JUSTICES MORRIS, ANGSTMAN, STEWART and ERICKSON concur.