GAER ET AL., APPELLANTS, *v.* BANK OF BAKER, RESPONDENT.

(No. 8,262.)

(Submitted January 12, 1942.   Decided March 6, 1942.)

[122 Pac. (2d) 828.]

118

*Mr. Al Hansen,* for appellants, submitted a brief and argued the cause orally.

*Mr. D. R. Young,* for Respondent, submitted a brief and argued the cause orally.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

This action was brought against the defendant by Olga M. Anderson Westrope, the widow of Elmer J. Anderson and administratrix of his estate, solely in her representative capacity, and by two of the other five heirs at law individually, to set aside a mortgage given defendant to secure loans theretofore made by it to pay expenses of administration. There was no

contention that the sum named in the mortgage was not owing to the defendant. The contentions were that there was fraud in the proceedings for the authorization of the mortgage, and that regardless of the fraud issue the judge was absolutely disqualified to make the order under which the mortgage was executed, in that he was at the time a stockholder in defendant bank. The order in question was not for the execution of a mortgage to defendant, but for the negotiation of a loan to pay the debt to defendant, and for a mortgage to secure such new loan; but being unable to obtain a loan elsewhere for that purpose, the administratrix executed a mortgage direct to the defendant.

The answer joined issue with plaintiff's complaint and included also a cross-complaint for the foreclosure of the mortgage. The trial court found in favor of the defendant on all issues and ordered the foreclosure of the mortgage.

Plaintiffs appealed on the two issues mentioned; and this court (*Gaer* v. *Bank of Baker*, 111 Mont. 204, 107 Pac. (2d) 877) sustained the judgment as to the alleged fraud, but reversed it by reason of the judge's absolute disqualification under section 8868, Revised Codes, and ordered the cause remanded for appropriate modification of the judgment, which necessarily included the setting aside of the provision for foreclosure of the void mortgage.

This court pointed out in its decision that the mortgage was absolutely void as to Mrs. Westrope in her representative capacity, and therefore as to the estate and the heirs generally, but not as to any interest which Mrs. Westrope might have personally in the estate property, since she had participated in the mortgage proceedings. The matter was mentioned in order to make the effect of the decision entirely clear as to all concerned, although Mrs. Westrope individually was not a party, and regardless of her personal obligations under the mortgage she was entitled, in her capacity as administratrix, to have the mortgage declared void and its foreclosure, which had been decreed against her only as administratrix, set aside.

This court also pointed out that the amount owing to defendant admittedly represented costs and expenses of administration and constituted a charge upon the estate property; and that while the plaintiffs (including Mrs. Westrope as administratrix but not personally) "are entitled to have the mortgage set aside," this would not prevent the defendant from enforcing payment under the probate code.

The trial court after remittitur entered a modified judgment and decree in which it recited: "It appearing to the court from an examination of said decision of the Supreme Court upon said appeal that the mortgage executed by plaintiff, Olga M. Anderson Westrope, as Administratrix of the Estate of Elmer J. Anderson, deceased, and the order of the District Court of the Sixteenth Judicial District of the State of Montana, in and for the County of Fallon, in the probate proceedings upon the estate of said deceased, authorizing said mortgage, were both null and void, and it appearing further that the remainder of said judgment and decree, including the Findings of Fact and Conclusions of Law, except for the findings and conclusions with reference to said order and mortgage, were left undisturbed and were and are in full force and effect."

It then proceeded to make findings of fact and conclusions of law, some of which will be referred to below, and to adjudge and decree (1) that the mortgage in question "was and is null and void, and is hereby cancelled and set aside"; (2) that the foreclosure sale "is hereby vacated, set aside, and held for naught, and all proceedings pursuant to the portion of the original judgment in this action requiring the foreclosure of said mortgage, are hereby vacated and set aside"; and (3) "that there is past due and owing from the estate of Elmer J. Anderson, deceased, and from the plaintiff Olga M. Anderson Westrope, as Administratrix of said estate, to the defendant, The Bank of Baker, a corporation, the full sum of $3,384.27 principal and interest, including taxes paid and interest, all of which was advanced by the said defendant to said estate:

and the administratrix thereof, for costs and expenses of administration, of said estate, and all of which constitutes a charge upon the property of said estate."

Subsequently Mrs. Westrope having been removed, the present administratrix was appointed and moved the trial court to modify the modified judgment and decree in the respects hereinafter mentioned in her specifications of error. Her motion for modification having been denied, she and the other plaintiffs have attempted to appeal from the order of denial. However, aside from the blanket specification that "the court erred in making the order denying plaintiff's motion to modify," and one other, all of the specifications of error are that "the Court erred *in including in the Modified Judgment and Decree,* and in denying the Plaintiff's Motion to Strike, the following,'' etc.

In other words, this is primarily an attempt to appeal from ▪ what this court has uniformly held on the authority of *Stewart* v. *Salamon,* 97 U. S. 361, 24 L. Ed. 1044, not to be appealable,—namely, a judgment entered by the trial court pursuant to this court's remittitur. (*Kimpton* v. *Jubilee Placer Mining Co.,* 22 Mont. 107, 55 Pac. 918; *Phelps* v. *Great Northern Railway Co.,* 71 Mont. 56, 227 Pac. 65; *Lloyd* v. *City of Great Falls,* 107 Mont. 588, 87 Pac. (2d) 187.)

As this court pointed out in the *Kimpton Case,* supra, this court's decision disposes of the merits, the issues have become *res judicata,* the actual entry of judgment pursuant to remittitur is ministerial rather than judicial, and the attempted appeal is "from a judgment rendered by this court and entered by the district court.'' Obviously no appeal lies from this court to this court. If such an appeal lay and were successful the result would be another decision and still another modified judgment pursuant to the new remittitur, from which still another appeal might be taken, thus further delaying justice and harassing the prevailing party. Obviously no such result is either appropriate or justifiable.

What could be the result of the new decision and remittitur if such an appeal did lie? It could not affect the first decision,

which is final, the time for rehearing having expired. Obviously it could consider, not the issues adjudicated by the first decision, but merely the question whether the modified judgment was the judgment ordered by this court by its first decision,—namely, whether the ministerial act necessitated by this court's judicial act had been performed. There can be no doubt that no appeal to this court lies from a district court's ministerial act, or from a district court's refusal to do or undo a ministerial act; obviously, the remedy is by a special proceeding here to correct the error summarily, so as to do speedy and final justice by giving effect to this court's judicial act, without the delay incident to a preliminary motion in the trial court and an inappropriate appeal.

Even if this were not logically the situation, it is apparent ▪ that what cannot be done directly cannot be done indirectly through a further motion in district court to change its ministerial act. Just as the district court's ministerial act in question is not a "final judgment" from which an appeal lies, so its order refusing to change its ministerial act is not a "special order made after judgment" from which an appeal lies. Therefore the attempted appeal must be dismissed for want of jurisdiction.

The absence of jurisdiction is not a matter of technicality ▪ but a limitation of this court's power to entertain the appeal. However, in view of the possibility of further proceedings it might be well briefly to examine the errors alleged.

The chief objection is that in its findings of fact, and in its ▪▪ decree, the court failed to limit its statement that the mortgage of the estate property was void, by adding "except as to the interest which the Administratrix has or may have therein." But such conclusion of law can have no proper place among the findings of fact, nor can it have proper place in the decree since Mrs. Westrope was not a party to the action personally and her personal rights or liabilities under the mortgage were not strictly in issue. Furthermore, if the omission were erroneous it could not be prejudicial to appellants in this action and thus could not entitle them to relief, since they

are not "parties aggrieved." (Sec. 9730, Rev. Codes; *Griffith* v. *Montana W. G. Ass'n,* 75 Mont. 466, 244 Pac. 277.)

The next objection in logical order is that the court erred in setting aside the foreclosure sale and all proceedings pursuant to that part of the original judgment ordering the foreclosure. It must be apparent from what has been said above that no different provision could have been made, for since the mortgage was held void as to all parties against whom it was attempted to be foreclosed, the foreclosure sale was equally void as to all the parties. But if it were not void, the appellants are not aggrieved by the judgment to that effect, which the individual appellants and the original administratrix sued for and procured on the original appeal.

The next objection is that the court erred in stating in its finding of fact 19 that the mortgage authorized the defendant to pay the taxes on the property upon the administratrix' failure to do so, and that any taxes so paid should bear interest at ten per cent, per annum; but the entire provision with the exception of the rate of interest was also included in finding 18 to which no objection was made and which would therefore stand even if finding 19 were eliminated.

Objection is also made to conclusion of law II, which provides: "That while said mortgage was and is void as a mortgage upon the premises described therein, still it contained written authority by the Administratrix for the defendant to pay taxes upon the real estate described therein, which taxes were a necessary expense of administration of said estate, and that the defendant is entitled to collect from said estate the amount of taxes so paid as a cost and expense of administration."

While it would seem to be immaterial what the void mortgage provided, certainly the taxes paid were a necessary expense of administration; the defendant obviously did not pay them as a mere volunteer or meddler, but to preserve the property to which it must look for recoupment, whether under a mortgage or otherwise, and the conclusion that it was entitled

to collect the tax was correct. The reference to the mortgage was immaterial. Furthermore, nothing was said there about interest on the taxes or about the rate of such interest, and no objection was made to the third paragraph of the decree which found the full sum of $3,384.27 due defendant from the estate, including principal, taxes and interest. Consequently the correction of any possible error relative to taxes or interest in finding of fact XIX, and to taxes in conclusion of law II, could be of no avail to appellants.

The other objection is that the court included in its finding of fact XXII the statement "that all of said sum represents costs and expenses of administration of the estate of Elmer J. Anderson, deceased." The statement is in accordance with this court's opinion in the original appeal and is unobjectionable. The only ground of objection stated is that "as the judgment speaks for itself, we see no need for this added interpretation of the same and it should be stricken." Certainly the mere insertion of a superfluous statement is not a reversible error.

The challenged portions of the district court's ministerial act thus being, as to these appellants, either harmless errors, or not errors at all, or alleged errors the correction of which would be pointless due to the existence of other similar or controlling provisions not objected to, it is immaterial to appellants that their appeal does not lie.

The appeal is ordered dismissed.

ASSOCIATE JUSTICES ANGSTMAN, ERICKSON and ANDERSON concur.

MR. JUSTICE MORRIS:

I concur in the result but not all that is said, nor in the phraseology of the majority opinions.

I object particularly to the use of the phrase "ministerial act" when applied to the duties and functions of a district judge. District judges exercise a part of the judicial powers mentioned in section 1 of Article IV of our Constitution, which

powers are particularly enumerated in section 11, Article VIII of that instrument. This court said in *State ex rel. Smith* v. *District Court*, 50 Mont. 134, 140, 145 Pac. 721, 723 in referring to the powers vested in district courts, that "every power therein enumerated is judicial in character." (See, also, *Jaqua* v. *Harkins*, 40 Ind. App. 639, 82 N. E. 920.)