WOODWARD ET AL., RESPONDENTS, v. PERKINS ET AL.,
APPELLANTS.
No. 8595
Submitted April 9, 1946. Decided June 4, 1946.
171 Pac. (2d) 997

(11)

12

Mr. S. P. Wilson, of Deer Lodge, for appellants.

Mr. W. E. Keeley, and Mr. Maurice J. MacCormick, both of Deer Lodge, for respondents.

MR. JUSTICE ADAIR delivered the opinion of the Court.

Upon the former appeal of this cause (Woodward et al. v. Perkins et al., 116 Mont. 46, 147 Pac. (2d) 1016) this court reversed the judgment and remanded the case, with direction to the district court to enter judgment in accordance with our opinion. Defendants petitioned for rehearing and upon the denial of such petition the judgment of the supreme court was properly certified and remitted on May 5, 1944, to the district court, where on May 10, 1944, it was filed in the office of the clerk of the trial court and, on the judgment docket of said court, against the original entry in the action, the clerk entered the following minute of the judgment of the supreme court, viz.: "Judgment Reversed and Case Remanded as per Remittitur filed May 10th, 1944. Entered May 10th, 1944. Ethel Evans, Clerk."

Thereafter plaintiffs' attorney prepared a draft of proposed

new findings of fact and conclusions of law which he served on defendants' attorney and delivered to the district judge 49 days after the filing of the remittitur in the office of the clerk of court.

On November 18, 1944, defendants' attorney served upon plaintiffs' attorney and filed in the office of the clerk of the district court written objections to the proposed new findings and conclusions and also a motion for the dismissal of said action grounded upon subdivision 6, section 9317, Revised Codes, "for that more than six months have elapsed since the verdict, decision and final submission of the cause and party entitled to judgment neglects to demand and have same entered."

On December 20, 1944, the district court (1) denied defendants' motion for dismissal of the action, (2) overruled defendants' objections to the proposed new findings of fact and conclusions of law and (3) signed and filed new findings of fact and conclusions of law in accord with the judgment on remand and mandate of the Supreme Court.

On December 30, 1944, a formal judgment in harmony with the new findings and conclusions and with the judgment and mandate of the Supreme Court was signed and filed.

On January 31, 1945, defendants served and filed a notice of appeal to the Supreme Court stating therein that the appeal is: (1) From the judgment "rendered, entered and filed in said cause upon the 30th day of December, 1944," (2) from the "decision" of the District Court "set forth in Findings of Fact, and Conclusions of Law, dated December 20, 1944," (3) from the order of the District Court overruling defendants' objections to the proposed new findings of fact and conclusions of law, and (4) from the order of the District Court denying defendants' motion to dismiss the action.

Plaintiffs have interposed a motion to dismiss the appeal contending that no appeal lies from the judgment, or any order or act specified in defendants' notice of appeal.

Unless the order or judgment, which it is sought to have re-

viewed on appeal, falls fairly within the enumeration of appealable orders or judgments, provided by the statutes, the appeal does not lie. Section 9731, Revised Codes; In re Tuohy's Estate, 23 Mont. 305, 306, 58 Pac. 722; State ex rel, Jackson v. Kennie, 24 Mont. 45, 50, 60 Pac. 589; Taintor v. St. John, 50 Mont. 358, 362, 146 Pac. 939; Weed v. Weed, 55 Mont. 599, 600, 179 Pac. 827; In re Sullivan's Estate, 112 Mont. 519, 118 Pac. (2d) 383.

The order overruling defendants' objections to the proposed new findings and conclusions and the order denying defendants' motion to dismiss the action were made prior to the signing and filing of the judgment of December 30, 1944, and the new findings of fact and conclusions of law were also signed and filed prior to the filing of such judgment.

"A judgment is the final determinataion of the rights of the parties in an action or proceeding." Sec. 9313, Rev. Codes. Findings of fact and conclusions of law made by the District Court are not its judgment but they are merely the foundation for a judgment (Galiger et al. v. McNulty et al., 80 Mont. 399, 260 Pac. 401), hence an appeal does not lie from the "decision" of the District Court set forth in the findings of fact and conclusions of law "rendered, entered and filed in said Court in the above Cause on the 20th day of December, 1944." State ex rel. Reser v. District Court, 53 Mont. 235, 163 Pac. 1149, 1150; Conway v. Fabian, 108 Mont. 287, 89 Pac. (2d) 1022, 1028.

The order overruling and denying defendants' objections to the proposed new findings of fact and conclusions of law is not a final judgment nor is it an order from which an appeal may be taken.

The order denying defendants' motion to dismiss the instant action "for the reason that more than six months has elapsed after the verdict, decision, judgment and final submission of the case, and before plaintiffs caused verdict, judgment, findings or decisions to be entered and for the reason that plaintiffs * * * neglected to demand or have judgment

entered for more than six months after the final submission of the cause" is not a final judgment nor is it an order from which an appeal may be taken. Compare Hovey v. Northern Pac. R. Co., 39 Mont. 40, 101 Pac. 146; and Couse v. Dietz, Mont., 159 Pac. (2d) 886, 889.

The pronouncement of judgment is a judicial act while its entry upon the record is merely ministerial. 1 Freeman on Judgments, 5th Ed., sec. 46, p. 75. The judgment takes effect from the time it is pronounced. Fresno Estate Co. v. Fiske, 172 Cal. 583, 157 Pac. 1127. The judgments of the Supreme Court are *entered* in that court by the clerk of the Supreme Court with whom the decision is filed who thereupon enters, in the minute book, a minute of the judgment and in the register of actions, a notation of the date of its pronouncement.

On April 15, 1944, this court handed down its written decision and pronounced its judgment on the appeal in this cause.

On May 5, 1944, the judgment of this court, properly certified by the clerk of this court to the clerk of the District Court of Powell county with whom the judgment roll is filed, was remitted to said District Court.

On May 10, 1944, the remittitur so issued out of this court with a copy of this court's opinion attached, was filed in this cause in the office of the clerk of the District Court and on that day the clerk of the District Court entered a minute of the judgment of the Supreme Court on the judgment docket against the original entry. By these acts the judgment of the Supreme Court was properly and legally *entered* in the District Court on May 10, 1944, and the requirements of section 8805, Revised Codes, providing that this court's "judgment in appealed cases must be remitted to the court from which the appeal was taken" as well as the requirements of section 9753 were fully complied with to the letter. Nothing further or more formal is required to comply with the mandate of the statute and to effectively and legally *enter,* in the District Court, the appellate court's judgment on remand.

The decisions and judgments of the appellate court do not generally follow the form of judgments customarily given and filed in the trial courts and since it is the judgment of the appellate court that is entered in the District Court, some attorneys have made it a practice, on the filing of the remittitur, in cases where the judgment of the Supreme Court reverses or modifies the judgment of the District Court, to prepare and have signed and recorded, a formal "judgment" complying with the judgment and mandate of the Supreme Court in the particular case. Such practice was followed by plaintiff's attorney in having new findings of fact and conclusions of law as well as a formal judgment signed and filed in this case but this the statutes did not require of him and the fact still persists that this court's judgment had long before (to-wit on May 10, 1944) been duly and regularly *entered*. As is said in 1 Freeman on Judgments, 5th Ed., sec. 73, pp. 127, 128: "In considering some of the decisions in which the sufficiency of various entries of judgments has been questioned and determined and the general principles which may be evolved therefrom, it is apparent that they are not altogether consistent. This arises, perhaps, from the fact that some minds are deeply impressed with the importance of matters of form, and actuated by the dread of encouraging a loose and unlawyer-like practice; while others, paying little regard to technical considerations, are inclined to recognize and enforce that which, though confessedly informal, is capable of being readily understood and carried into effect. I think, however, that from the cases this general statement may be safely made: That whatever appears upon its face to be intended as the entry of a judgment will be regarded as sufficiently formal if it shows,—1. The relief granted; and 2. That the grant was made by the court in whose records the entry is written. In specifying the relief granted, the parties against and to whom it is given must, of course, be sufficiently identified."

In State ex rel. Dolenty v. Reese, 43 Mont. 291, 292, 115 Pac. 681, this court recognized that a judgment of this court is

properly entered in the District Court, when, on receipt of remittitur, the clerk of the trial court complies with the provisions of section 9753, Revised Codes, but it also approved of the practice of signing and recording a formal judgment, saying: "When the remittitur was issued, this court lost jurisdiction of the cause. Kimpton v. Jubilee Placer Min. Co., 16 Mont. 379, 41 Pac. 137, 42 Pac. 102. Section 7120, Revised Codes [now section 9753, Rev. Codes], provides that, when judgment is rendered upon appeal, it must be certified by the clerk of the Supreme Court to the clerk with whom the judgment is filed, or the order appealed from is entered, and in cases of appeal from the judgment the clerk with whom the roll is filed must attach the certificate to the judgment roll, and enter a minute of the judgment of the Supreme Court on the docket against the original entry. The respondent complied literally with the mandate of this statute. However, in the absence of other legislative directions on the subject, the practice of signing and recording a formal judgment, on receipt of the remittitur, by the clerk, has long been established, as we believe. Such practice appears to us to be legal and proper, and has a tendency to make the record certain and specific. We recommend its continuance."

In State ex rel. Dolenty v. District Court, 42 Mont. 170, 111 Pac. 731, this court, referring to section 9753, Revised Codes, said:

"This section defines the duty of the clerk. It is the judgment of the Supreme Court which is to be entered, and the clerk of the district court must make the entry. * * * In Parrott v. Kane, 14 Mont. 23, 35 Pac. 243, this court said: 'A distinction has been made between "rendering" and "entering" a judgment. That distinction is pointed out by Mr. Justice Sawyer in Gray v. Palmer, 28 Cal. 416. Rendering judgment is the judicial act of the court. Entering it is the ministerial act of the clerk. A judgment is a judgment when it is rendered. It is the rendering which makes it a judgment. The entering

makes a record of the judgment which the court has rendered.'
See, also, 1 Black on Judgments, sec. 106, and cases cited.

"The judgment which is to be entered in Dolenty v. Rocky
Mountain Bell Telephone Company is the judgment rendered by
this court. [Dolenty v. Rocky Mountain Bell Tel. Co., 41 Mont.
105, 108 Pac. 921.] Sec. 7120, Revised Codes. Upon filing the
remittitur with the clerk of the district court, there was then
nothing remaining to be done but the entry of that judgment,
and the duty of making such entry is imposed by the statute
upon the clerk of the district court, and not upon the court or
judge."

See also Kimpton v. Jubilee Placer Mining Co., 22 Mont. 107,
55 Pac. 918, a suit involving water rights.

In remanding the instant case the Supreme Court, in the con-
cluding paragraph of its opinion, said: "The judgment and
decree of the lower court is reversed. The cause is remanded
with direction *to enter* a decree for the plaintiffs adjudging
void defendant's claim to an additional water right as set forth
in his cross-complaint and restraining him from asserting any
claim of right based on such cross-complaint." (Emphasis
ours.) Woodward et al. v. Perkins et al., 1944, 116 Mont. 46,
147 Pac. (2d) 1016, 1019.

In Kennedy v. Dickie, 36 Mont. 196, 199, 92 Pac. 528, 529, this
court said: "In this case this court did not order a new trial or
the taking of further evidence. On the contrary, the court said
that the district court erred in deciding the case in favor of
the defendant; that it should have decided in favor of the
plaintiff, since the defendant did not make out a case upon
which he was entitled to recover. The duty of the district
court in the premises was plain. No new trial having been
ordered, there was but one thing to be done, to-wit, enter a
judgment in favor of the plaintiff. This the court did."

See also State ex rel. United States F. & G. Co. v. District
Court, 77 Mont. 594, 608, 251 Pac. 1061.

As was said in Columbia Mining Co. v. Holter, 1 Mont. 429,

20

432, of a remittitur and mandate of this court regularly and properly issued:

"The mandate was the imperative command of a supervisory to a subordinate court.

"The court below was powerless to disobey.

"Disobedience would have been error, and, if admitted, the authority of the tribunal as a supreme and supervisory court would be annihilated."

The act of the district judge in signing the formal judgment dated and filed December 30, 1944, was merely ministerial and not judicial. No doubt the purpose in mind was to make the record of the District Court certain and specific so far as concerns this lawsuit, the parties and their rights and to comply with the mandate of this court. While the notice of appeal indicates that the appeal is from the formal judgment entered December 30, 1944, yet such formal judgment is nevertheless the judgment of this court and is the same judgment theretofore regularly and properly entered on May 10, 1944.

As was said by this court in Kimpton v. Jubilee Placer. Min. Co., supra, 22 Mont. 107, at page 109, 55 Pac. 918, at page 919 (a suit involving water rights): "The district court was commanded *to enter* judgment in favor of plaintiff. This involved the performance of a mere ministerial act and duty (McMillan v. Richards, 12 Cal. 467; Sieber v. Frink, 7 Colo. 148, 2 Pac. 901; Matthews v. Houghton, 11 Me. 377; Fish v. Emerson, 44 N. Y. 376), * * * and by that judgment the questions which did actually arise on the trial, and those which could have been presented, as well as the rights of the parties in the subject-matter of the suit, were finally determined. They became res judicata, and all that remained for the District Court to do was to enter the judgment rendered by the Supreme Court."

"The judgments of appellate courts are as conclusive as those of any other court. They not only establish facts, but also settle the law, so that the law decided upon any appeal must be applied in all the subsequent stages of the cause, and they are

res judicata in other cases as to every matter adjudicated.'' 2 Freeman on Judgments, 5th Ed., sec. 639, pp. 1345, 1346. See also In re Smith's Estate, 60 Mont. 276, 199 Pac. 696; Brennan v. Jones, 101 Mont. 550, 55 Pac. (2d) 697, 700.

Here, long after petition for rehearing was denied and the transmittal of remittitur to the trial court, defendants attempt to appeal to the Supreme Court from a judgment of the Supreme Court and to obtain a second review of rights on the same record which was reviewed on the former appeal. Such an appeal cannot be sustained.

The general rule is that no appeal lies from a judgment entered in an inferior court pursuant to and in substantial compliance with the mandate of the appellate court. Stewart v. Salamon, 97 U. S. 361, 24 L. Ed. 1044; United States v. New York Indians, 173 U. S. 464, 19 S. Ct. 487, 43 L. Ed. 769; United States v. Camou, 184 U. S. 572, 22 S. Ct. 505, 46 L. Ed. 694; People of State of Illinois v. Illinois Central R. Co., 184 U. S. 77, at page 92, 22 S. Ct. 300, at page 305, 46 L. Ed. 440, and cases cited; Heinlen v. Beans, 73 Cal. 240, 14 Pac. 855; Elder v. Wood, 54 Colo. 236, 130 Pac. 323; San Miguel Consol. Gold Min. Co. v. Suffolk Gold Min. & Mill. Co., 24 Colo. 468, 52 Pac. 1027; Wilson v. Bates, 21 Colo. 115, 40 Pac. 351; Idaho Gold Dredging Corp. v. Boise Payette Lumber Co., 54 Idaho 270, 30 Pac. (2d) 1076; Blaine County Inv. Co. v. Mays, 52 Idaho 381, 15 Pac. (2d) 734; Gonzaga University v. Masini, 44 Idaho 113, 255 Pac. 413, Idaho Comstock Min. & Mill. Co. v. Lundstrum, 9 Idaho 785, 76 Pac. 762; Rising v. Carr, 70 Ill. 596; In re City of Boston, 223 Mass. 36, 111 N. E. 412; Kerr v. McCreary, 86 Neb. 786, 126 N. W. 299; Vansickle v. Haines, 8 Nev. 164; Champion v. Rice, 13 N. M. 236, 82 Pac. 359; Armijo v. Neher, 11 N. M. 354, 68 Pac. 914; Holland v. Seaboard Air Line Railroad Co., 143 N. C. 435, 55 S. E. 835; Eli v. Carter Oil Co. 172 Okl. 519, 46 Pac. (2d) 351; Ward v. Carter, 96 Okl. 183, 221 Pac. 48; Superior Smokeless Coal, etc., Co. v. Bishop, 89 Okl. 40, 213 Pac. 837; Hill v. Hill, 71 Okl. 312, 178 Pac. 94; State ex rel. La Follett v. LaFollett, 133 Or. 706,

291 Pac. 391; Bertin & Lepori y. Mattison, 81 Or. 482, 159 Pac. 1167; Apex Transportation Co. v. Garbade, 32 Or. 582, 592, 52 Pac. 573, 54 Pac. 367, 882, 62 L. R. A. 513; Higlund v. Egge, 42 S. D. 313, 174 N. W. 744; Krantz v. Rio Grande Western Ry. Co., 13 Utah 1, 43 Pac. 623, 32 L. R. A. 828; First National Bank of Hailey v. Lewis, 13 Utah 507, 45 Pac. 890; People's Building, Loan & Savings Ass'n v. Fowble, 17 Utah, 122, 53 Pac. 999; Id., 18 Utah 206, 55 Pac. 57; Frye v. King County, 157 Wash. 291, 289 Pac. 18, 19; Ott v. Boring, 131 Wis. 472, 110 N. W. 824, 111 N. W. 833, 11 Ann. Cas. 857.

Nearly a half century ago this court held that such an appeal ▋ "must be dismissed because it is one which is, in effect, from the judgment [and order] of this court." Kimpton v. Jubilee Placer Min. Co., supra, 22 Mont. 107, at page 109, 55 Pac. 918, at page 919.

"Under such circumstances, an appeal from a judgment entered by an inferior court in pursuance of a mandate of the appellate court cannot be sustained; and this rule is not only in accordance with authority, but is founded on reason and justice, for, if successive appeals were allowed on the same state of the record, there would be no end to litigation and appeals, and the courts themselves could be turned into instruments of injustice by an obstinate litigant. In Stewart v. Salamon, 97 U. S. 361, [24 L. Ed. 1044,] where a decree had been entered by the circuit court in accordance with the mandate of the supreme court of the United States, and an appeal taken therefrom, in dismissing the appeal, the supreme court, speaking through Mr. Chief Justice Waite, said: 'An appeal will not be entertained by this court from a decree entered in the circuit or other inferior court in exact accordance with our mandate upon a previous appeal. Such a decree, when entered, is in effect our decree, and the appeal would be from ourselves to ourselves. * * *'" Krantz v. Rio Grande Western Ry. Co., 13 Utah 1, 43 Pac. 623, 624, 32 L. R. A. 828.

"A litigant has no right, as against the same adversary, to ▋ have a question, either of law or fact, relating to the same

cause of action, twice adjudicated, in the same court or another court of like jurisdiction, unless a re-examination of the question has been regularly ordered." Dunseth v. Butte Electric R. Co., 41 Mont. 14, 108 Pac. 567, 569, 21 Ann. Cas. 1258; In re Smith's Estate, 60 Mont. 276, 199 Pac. 696. The judgment of this court on the former appeal did not "direct a new trial or further proceedings to be had" (sec. 8805, Rev. Codes) and there has been no re-examination of the question "regularly ordered." Dunseth v. Butte Electric R. Co., supra. What this court did was to reverse the judgment appealed from and "direct the proper judgment * * * to be entered" as it was empowered to do by the provisions of section 8805, Revised Codes.

In Phelps v. Great Northern, 71 Mont. 56, 227 Pac. 65, the judgment appealed from had been entered on remittitur following decision on appeal and in accordance with the directions of the Supreme Court. There this court said:

"We cannot entertain this appeal. The judgment entered by the district court under the mandate of our former decision, in effect became the judgment of this court. The district court had no discretion in the matter. It could give no relief other than that which was specifically pointed out to it.

"In Kimpton v. Jubilee [Placer] Min. Co., 16 Mont. 379, 41 Pac. 137, 42 Pac. 102, the judgment appealed from was reversed and the cause remanded to the district court, with directions to enter a specific judgment in favor of the plaintiffs. In accordance therewith such a judgment was entered in the district court and from it the defendants appealed. When this latter appeal came to be heard this court declined to consider it and ordered the same dismissed (22 Mont. 107, 55 Pac. 918), for the reason that it was in effect an appeal to this court from its own judgment. The same principle applies here."

In Lloyd v. City of Great Falls, 107 Mont. 588, 87 Pac. (2d) 187, 189, this court said: "In our opinion, the decree entered pursuant to the remittitur from this court in all substantial respects complied with this court's opinion on the original appeal. It follows, therefore, under the decisions of

this court in Kimpton v. Jubilee Placer Min. Co., 22 Mont. 107, 55 Pac. 918, and Phelps v. Great Northern Ry. Co., 71 Mont. 56, 227 Pac. 65, that the decree pursuant to the remittitur from this court is in effect the judgment of the supreme court, and from it an appeal does not lie. The motion is therefore granted; the notice of appeal is ordered stricken and the attempted appeal dismissed.''

In Gaer v. Bank of Baker, 113 Mont. 116, 122 Pac. (2d) 828, 830, this court, in dismissing, for want of jurisdiction, an appeal from a judgment entered by the district court pursuant to remittitur issued out of the Supreme Court, said:

''In other words, this is primarily an attempt to appeal from what this court has uniformly held on the authority of Stewart v. Salamon, 97 U. S. 361, 24 L. Ed. 1044, not to be appealable, —namely, a judgment entered by the trial court pursuant to this court's remittitur. Kimpton v. Jubilee Placer Mining Co., 22 Mont. 107, 55 Pac. 918; Phelps v. Great Northern Railway Co., 71 Mont. 56, 227 Pac. 65; Lloyd v. City of Great Falls, 107 Mont. 588, 87 Pac. (2d) 187.

''As this court pointed out in the Kimpton case, supra, this court's decision disposes of the merits, the issues have become res judicata, the actual entry of judgment pursuant to remittitur is ministerial rather than judicial, and the attempted appeal is 'from a judgment rendered by this court and entered by the district court.' * * * Obviously no appeal lies from this court to this court. If such an appeal lay and were successful the result would be another decision and still another modified judgment pursuant to the new remittitur, from which still another appeal might be taken, thus further delaying justice and harassing the prevailing party. Obviously no such result is either appropriate or justifiable.

''What could be the result of the new decision and remittitur if such an appeal did lie? It could not affect the first decision which is final, the time for rehearing having expired. Obviously it could consider, not the issues adjudicated by the first decision, but merely the question whether the modified judgment

was the judgment ordered by this court by its first decision,—namely, whether the ministerial act necessitated by this court's judicial act had been performed. There can be no doubt that no appeal to this court lies from a district court's ministerial act, or from a district court's refusal to do or undo a ministerial act; obviously, the remedy is by a special proceeding here to correct the error summarily, so as to do speedy and final justice by giving effect to this court's judicial act, without the delay incident to a preliminary motion in the trial court and an inappropriate appeal.

"Even if this were not logically the situation, it is apparent that what cannot be done directly cannot be done indirectly through a further motion in district court to change its ministerial act. Just as the district court's ministerial act in question is not a 'final judgment' from which an appeal lies, so its order refusing to change its ministerial act is not a 'special order made after judgment' from which an appeal lies. Therefore the attempted appeal must be dismissed for want of jurisdiction.

"The absence of jurisdiction is not a matter of technicality ▇ but a limitation of this court's power to entertain the appeal."

In re Anderson's Estate, 113 Mont. 125, 122 Pac. (2d) 832, 834, this court referred to the companion case of Gaer et al. v. Bank of Baker, supra, saying: "However, as has been pointed out in the companion decision rendered today dismissing the attempted appeal from the order denying that motion, a judgment entered in the district court after remittitur is this court's judgment, and where it is contended that such judgment is not in compliance with the remittitur the remedy is by special proceeding in this court and not by motion in the trial court nor by appeal from either the new judgment or from the trial court's order denying the modification thereof."

In Frye v. King County, 157 Wash. 291, 289 Pac. 18, 19, the court said:

"Though the trial court misinterpreted the opinion of this court and entered a judgment contrary to the directions of this

court, no right of appeal from that judgment exists. The statute gives none, nor does one obtain at common law. The remedy is not by appeal. This court lost jurisdiction of the case when the remittitur was sent down to the superior court. If through some error the decision as remanded does not express the real judgment of this court, we may recall the remittitur, if timely application is made therefor, for the purpose of correcting the mistake or enforcing the judgment. Peabody v. City of Edmonds, 72 Wash. 604, 131 Pac. 250. If the superior court proceeds contrary to the mandate of this court, that would be an interference with this court's jurisdiction, and the proper procedure for the aggrieved party to pursue would be to apply to this court for an appropriate writ requiring the superior court to enter judgment conforming to the mandate. To entertain this appeal would be, in effect, to grant a rehearing. The case has been decided once on appeal, petition for rehearing denied, and the remittitur sent down to the superior court; therefore we have no jurisdiction to grant such a rehearing. * * *

"An appeal does not lie from the judgment of the superior court upon remittitur from this court; therefore the motion of the respondents must be granted, and the appeal dismissed."

See also Corbaley v. Pierce County, 197 Wash. 102, 84 Pac. (2d) 666.

In Utah Copper Co. v. District Court, 91 Utah 377, 64 Pac. (2d) 241, 251, the court said: "The general rule, of course, is that what is settled and decided on an appeal by a reviewing court is final and settled, and whatever remittitur or mandate is sent down to the court below must be followed and obeyed. and the lower court may not even for apparent error, if any, in the filed opinion of a reviewing court disregard the plain terms of the mandate; nor may this court on application for a writ of mandamus re-examine or review the record on a former appeal for the purpose of ascertaining or determining whether error, either of fact or in law, was or was not committed by the

court on the appeal. ' Were the rule otherwise, as the authorities say, there would be no end to litigation.''

In Wolferman v. Bell, 8 Wash. 140, 35 Pac. 603, 604, the Supreme Court of Washington denied a petition to modify its judgment, stating: ''But, after the time fixed by law or the well-established practice, a judgment which is neither void on its face, nor affected by fraud in its procurement or want of jurisdiction, stands for absolute verity; and neither the court which rendered it, nor the appellate court which has affirmed it, has jurisdiction to vacate, modify, or otherwise affect it. This is the universal rule, and there are no exceptions, to it.''

In State ex rel. Burke v. Board of Commissioners of King County, 61 Wash 684, 112 Pac. 929, 930, the same Supreme Court considered its right to recall its remittitur to consider the effect of an Act of Congress passed after the filing of the state Supreme Court's opinion in the case, stating: ''When the appeal had been determined, the opinion filed, the petition for rehearing denied, and the remittitur transmitted to the superior court, our appellate jurisdiction ceased. Having ceased, it cannot, for the purpose of further considering the same appeal, be again invoked or conferred by an order recalling the remittitur predicated upon a stitpulation of the parties.''

In Ott v. Boring, supra [131 Wis. 472, 111 N. W. 833], the Supreme Court of Wisconsin said: ''It seems, from an examination of the authorities, to be well nigh unanimously declared that, in the absence of statute making a different provision, the jurisdiction of the appellate court over a given cause terminates whenever regularly, without inadvertence or fraud, it returns the record to the court of general jurisdiction.'' Numerous authorities are cited in support of the foregoing declaration including State ex rel. Haskell v. Faulds, 17 Mont. 140, 42 Pac. 285, 286, wherein this court said: ''This court obtained jurisdiction of the cases by appeal. It did not part with that jurisdiction as long as no remittitur had been issued returning the case to the district court. In Kimpton v. [Jubilee Placer] Mining Co., 16 Mont. 379, 41 Pac. 137, 42 Pac. 102, on petition' for re-

hearing, this court held that it had jurisdiction until remittitur had been issued.''

The rule followed in the courts of England and in those of most of the states, including Montana, is set forth in the editor's note to Ott v. Boring, supra, in 11 Ann. Cas. at page 865 thus: ''It is the general rule that the jurisdiction of an appellate court over a case ceases when the case has been determined and remanded to the lower court. After a case has been fairly submitted to an appellate court, and the court has regularly determined the issues involved and caused its judgment in conformity with such determination to be entered, and its judgment is properly entered, and the case is remanded to the lower court for such action as may be necessary, the jurisdiction of the appellate court terminates. To require courts to consider and reconsider cases at the will of litigants would deprive the courts of that stability which is necessary in the administration of justice.''

The decisions of this court from the first volume of the Montana reports (Columbia Mining Co. v. Holter, 1 Mont. 429, decided in 1872) down to the present time have uniformly followed the foregoing rule.

In Kimpton v. Jubilee Placer Mining Co., 1895, 16 Mont. 379, 383, 41 Pac. 137, 42 Pac. 102, 103, this court said: ''After a remittitur is issued, and the time for rehearing expires, and judgment is entered in the district court in pursuance to the judgment of this court, and it appears that there has been no fraud, imposition, mistake or inadvertence in issuing the remittitur, we are not sufficiently satisfied that we still have jurisdiction of the case to justify us in now rehearing the appeal. (Citing cases.) The original judgment of this court must remain.''

In Merchants' Nat. Bank v. Greenhood, 1895, 16 Mont. 395, 461, 41 Pac. 250, 851, 852, the appellants, by motion for rehearing, filed and submitted, sought to argue to the supreme court an objection to a judgment entered in the district court after decision and sending down of remittitur by the supreme court. In denying the motion this court said: ''There has been the

amplest and the fairest opportunity for counsel to present everything upon which they relied. The remittitur even was sent to the lower court, under Rule 15 [13 Mont. 577], and was recalled to await the determination of this motion. As to such matters this court said, in [Columbia] Mining Co. v. Holter, 1 Mont. 429: 'A rehearing will not be granted in an equity cause after it has been remitted to the court below to carry into effect the decree of the court above according to its mandate.' Again, the court said in Davis v. Clark, 2 Mont. 394: ''This case is before us upon motion of appellant for a rehearing. In considering the questions which have been submitted, we must be governed by the rule established in [Columbia] Mining Co. v. Holter, 1 Mont. 429. The decisions of this court will not be reversed unless they are in conflict with a statute or controlling decision, to which the attention of the court has not been directed, or it appears that some question which is decisive of the case has been submitted by counsel, and been overlooked by the court.' ''

Since an appeal does not lie from the judgment entered in the district court in conformity with and upon remittitur from the Supreme Court nor from the orders specified in defendants' notice of appeal, the motion of the plaintiffs to dismiss must be and it is granted and the attempted appeal dismissed. It is so ordered.

The original judgment of this court must stand.

Mr. Chief Justice Lindquist concurs.

Mr. Justice Cheadle (concurring).

I concur in the result arrived at by the majority, because I feel that there must be an eventual end to litigation, and that whether the decision of this court, reported in 147 Pac. (2d) 1016, was correct or otherwise, so far as this court is now concerned the matter is res judicata. Should changed conditions justify a modication of the decree herein, any such modification, I feel, must be after appropriate and proper proceedings in the court of original jurisdiction. Whether decrees in water right cases as between the parties must be regarded as forever conclusive, regardless of change in conditions subsequent to

entry of the decree, presents an interesting and important legal question, properly determinable by a court of original jurisdiction. This court's investigation in the original case was confined to the record on appeal, and we now have no authority to reconsider the matter on facts subsequently discovered.

I feel also, under the circumstances of this case, that should the appellant here consider that the judgment of the trial court, after remittitur, is not in accord with the decision of this court, his recourse is by appropriate original proceeding in this court.

Mr. Justice Angstman (dissenting).

I agree with much that is said in the foregoing opinion but do not concur in the conclusion reached.

I think the correct rule as to whether we will entertain an appeal from a judgment entered by the district court after an appeal to this court was stated in Kimpton v. Jubilee Placer Min. Co., 22 Mont. 107, 55 Pac. 918, 919. In that case the judgment or decree appealed from had been entered after a former appeal, as here. The court pointed out that it had been entered "in obedience to, and in exact conformity with, the judgment and order of this court." The court held that the rights of the parties had become res judicata and that an appeal would not be entertained when the decree entered in the inferior court was "in exact accordance with our mandate upon a previous appeal." But the court made this pertinent statement: "If such an appeal is taken, however, we will, upon the application of the appellee, examine the decree entered, and, if it conforms to the mandate, dismiss the case, with costs. *If it does not, the case will be remanded, with appropriate directions for the correction of the error.*" (Italics mine.)

The same question was again before this court in Lloyd v. City of Great Falls, 107 Mont. 588, 87 Pac. (2d) 187, and this court first considered the contentions made that the judgment entered by the lower court was not in conformity with this court's remittitur and, after finding that the judgment was in conformity with this court's remittitur, the court then stated that the judgment thus entered was not appealable. But, as

noted, the court did entertain jurisdiction for the purpose of determining whether the judgment was in conformity with the remittitur from this court.

The next cases where this point was considered were those of Gaer v. Bank of Baker, 113 Mont. 116, 122 Pac. (2d) 828, and In re Anderson's Estate, 113 Mont. 125, 122 Pac. (2d) 832. In these cases the court held that there was no appeal from such a judgment and that to test the question whether the judgment was in conformity with this court's remittitur a special proceeding was necessary. The court in the Gaer case, however, notwithstanding this holding, proceeded to determine whether the judgment was in conformity with the remittitur. I think we should follow the rule in the Kimpton case and determine whether the Judgment is in conformity with the decision of this court. Reference to the opinion on the prior appeal will disclose that the precise issue before the court was whether water diverted by defendants from the upper reaches of Dempsey Creek and transported to the "pot holes" referred to in the opinion during high water and which if not diverted would otherwise flow to waste was the same water which defendants intercepted in drain ditches running parallel to Dempsey Creek at the base of the plateau on which the "pot holes" existed. It was defendants' contention that the "pot holes" were reservoirs for the flood waters thus diverted and that they constituted a storage system for water which they were entitled to recapture as and when it sank to lower ground. Plaintiffs contended that the water which defendants intercepted in the drain ditches was water coming from springs and seepage from adjoining lands which constituted a source of supply to the stream and hence belonged to the stream. The lower court found in favor of defendants' contention. This court in its opinion held that the burden of proof was on defendants to establish their claim and that they did not sustain this burden. The court said: "To establish property rights on proof such as was here relied on would be the accepting of speculation as sufficient basis. * * * The evidence is wholly inadequate to

support the finding that an additional flow in the stream had been created and without which there is no support of the decree granting the additional water right.'' [116 Mont. 46, 147 Pac. (2d) 1016, 1019] I think the only proper judgment for this court to have ordered under such circumstances would have been an order for a new trial (sec. 9397, subdiv. 6) or a direction that the trial court enter a dismissal or nonsuit (sec. 9317, Rev. Codes) as to the cross-complaint. True, under section 8805, the court for proper cause might have ended the litigation but to do so a proper basis must have been found. Here the only finding was that of insufficiency of the evidence, without more, and there was no basis for concluding the defendant by a judgment depriving him of the opportunity to supply the lacking evidence upon another trial. The trial court after the remittitur was returned from this court entered a decree permanently restraining Perkins from maintaining his storage system and from diverting water into the ''pot holes.'' A defendant who files a cross-complaint becomes the plaintiff with reference to the relief demanded in the cross-complaint (17 Am. Jur., Dismissal and Discontinuance, sec. 12, p. 63), and when he fails to submit sufficient proof the cross-complaint may be dismissed or a nonsuit entered as to the cross-complaint but this would not bar another action. 17 Am. Jur., Dismissal and Discontinuance, sec. 79, p. 98; sections 9317 and 9320, Revised Codes. In legal effect the concluding paragraph of this court's opinion on the former appeal goes beyond and is not in conformity with the reasons given in the decision for a reversal and I think the reasons measure the limit of the relief that should have been granted.

The opinion on the former appeal does not indicate that a showing could not be made justifying the relief sought by defendants and granted by the trial court. A natural depression may be utilized as a reservoir if no one is injured thereby. Larimer County Reservoir Co. v. People, 8 Colo. 614, 9 Pac. 794. We were advised by counsel for defendants at the oral argument and in the brief that since the decision on the former

appeal water has not been diverted by defendant Perkins into the "pot holes" and that, as a consequence, there has been a cessation of the flow into the drain ditches, which demonstrates rather convincingly that the water intercepted in the drain ditches came from the "pot holes" and he contends that defendants should be permitted to so show. This demonstrative proof was not in existence at the time of the trial. Such evidence would be particularly convincing if upon filling the "pot holes" again there would be a revival of the flow into the drain ditches, no other cause therefor intervening. "It is to the interest of the public that every acre of land in this state susceptible to irrigation shall be irrigated." Allen v. Petrick, 69 Mont. 373, 222 Pac. 451, 453.

We have already held that evidence to impeach an adjudicated fact is admissible upon a change in the conditions subsequent to the decree. Howell v. Bent, 48 Mont. 268, 137 Pac. 49; Zosel v. Kohrs, 72 Mont, 564, 234 Pac. 1089. At the time of the trial evidence now available was not in existence. If counsel's statement is correct it can now be practically demonstrated that the water intercepted in the drain ditches comes from the "pot holes."

I think it is a denial of justice to ignore the claim and contention of defendant Perkins in this respect, and to deny him the right to maintain his storage system, if in fact it is such, and where there is no injury done to another as is the case if defendant Perkins can substantiate his claim by adequate proof. If this conclusion is out of harmony with the concluding paragraph of the opinion on the former appeal, it is sufficient to say that that paragraph is not justified by the court's decision and opinion holding that the evidence was insufficient to support the findings of the trial court. I think we have jurisdiction and power in this proceeding to order the modification of the judgment of the trial court so as to remove the permanency of the injunction and thus enable defendant Perkins to take appropriate steps to have his claim adjudicated in the light of the change of circumstances. So long as the permanent injunc-

tion stands I do not see how he can proceed as intimated in the special concurring opinion of Mr. Justice Cheadle without being in contempt of court.

I think too that not every judgment is res judicata. When the court has satisfied itself that it has fallen into error, it ought not to hesitate to correct itself at the earliest opportunity rather than run the risk of falling in line with those courts which "live by correcting the errors of others and adhering to their own." Ellison v. Georgia, etc., Co., 87 Ga. 691, 13 S. E. 809, 810.

In Cluff v. Day, 141 N. Y. 580, 36 N. E. 182, 183, the court said: "There is no iron rule which precludes a court from correcting a manifest error in its former judgment, or which requires it to adhere to an unsound declaration of the law. It may, for cogent reasons, reverse or qualify a prior decision, even in the same case. But the cases in which this will be done are exceptional, and the power should be sparingly exercised."

A circumstance entitled to consideration in determining whether the reason for departing from a former holding in the same case is cogent is the fact, as here, that the former opinion was by a divided court. Johnson v. Cadillac Motor Car Co., 2 Cir., 261 F. 878, 8 A. L. R. 1023, and Note on page 1031. Another circumstance which I think is persuasive is the fact that if defendant's contention can be sustained by adequate proof then no one will be injured and the public as a whole will be benefited by making use of water that otherwise runs to waste. If the contention of counsel for Perkins can be sustained by proof, then the majority opinion does not enrich plaintiff but has the effect only of making Perkins and the general public suffer and results in the waste of water by judicial impotence. The doctrine of res judicata is intended to protect rights adjudicated between parties. Here the right of Perkins, if established, does not adversely affect anyone. Not all decrees affecting the use of water are conclusive and perpetual. Thus a decree establishing the duty of water is not immutable. State v. Achepohl, 139 Wash. 84, 245 Pac. 758.

Courts, I think, have continuing jurisdiction to alter decrees affecting the use of water, to meet changing conditions, to prevent waste of waters and to obtain the greatest use of water when this can be done without disturbing vested rights.

In some states the statutes expressly permit a redetermination of the right to the use of waters in order to prevent waste. See Mammoth Canal & Irr. Co. v. Burton, 70 Utah 239, 259 Pac. 408. I think we have that inherent right and that it is our duty to do so when no one is adversely affected.

To the extent that the findings and decree permanently enjoin defendants from using water flowing into the north fork of Dempsey Creek from and through the drains, I think it is not in conformity with the only proper conclusion that could follow the holding in the former opinion. I believe defendant Perkins should be permitted to divert water into the "pot holes" at times of high water, when and if no one would be injured thereby. Then, if he is able to identify the water intercepted in the drain ditches as water coming from the "pot holes," to that extent I think he is entitled to the additional water right because then no one would be injured by his storage system and the maximum use of the water would be attained which the law and public policy encourage. I think the judgment should be ordered modified accordingly.

Believing as I do that there was an appeal from the judgment entered in the district court in order to ascertain whether it was in conformity with this court's remittitur as held in the Kimpton case, I think the order denying the motion to dismiss for failure to have judgment entered in the six months period provided in subdivision 6, section 9317, Revised Codes, was reviewable on the appeal from the judgment. I think though that the motion was properly denied here because there was no neglect on the part of plaintiff in having judgment entered. Rule v. Butori, 49 Mont. 342, 141 Pac. 672; Samuell v. Montana-Holland Colonization Co., 69 Mont. 111, 220 Pac. 1093. The delay here was due to the fact that the court consumed time in.

36

considering the proposed findings which had been timely submitted by plaintiff.

·Mr. Justice Morris (dissenting).

I join in the foregoing dissent by Mr. Justice Angstman. The majority opinion is an able exposition of the rule of res judicata. It is unfortunate, however, that the research the majority opinion required was not devoted to a more worthy cause.

The rule of res judicata comes to us from the old common law. It finds implied, but no express authority in our statutes and Constitution. It is meritorious when justly applied but it is absurd to assume that it was ever intended to be invoked to sustain as here an erroneous and vicious decision such as the case of Woodward v. Perkins, 116 Mont. 46, 147 Pac. (2d) 1016. Rules of law are ordained and established in the interest of the administration of justice. The case just mentioned is so manifestly unjust that no rule of law should be permitted to shield it from the condemnation it clearly deserves.

Rehearing denied Sept. 11, 1946.