**In the Matter of the ESTATE of Hugh N.
KOKESH, Deceased.**
**Charles H. KOKESH, Appellant**
**(Objector below),**

**v.**

**Louise KOKESH, Executrix of the Estate of
Hugh N. Kokesh, Deceased, Appellee**
**(Petitioner below).**

**No. 2969.**

Supreme Court of Wyoming.
March 21, 1961.

Riner & Borthwick, William A. Riner, Cheyenne, for appellant.

Reynolds & Hughes, Otis Reynolds, Sundance, for appellee.

Before BLUME, C. J., and PARKER, HARNSBERGER and McINTYRE, JJ.

Mr. Chief Justice BLUME delivered the opinion of the court.

This is an appeal from a decree in probate. It appears herein that one Hugh N. Kokesh died in Crook County, Wyoming, on October 9, 1958. He left surviving him his widow, Louise Kokesh, and some other heirs, herein called residuary heirs, consisting of his children and a grandchild. He died seized of some personal property and some real estate. The real estate is described as follows:

"South half of the northeast quarter; southeast quarter of the northwest quarter; north half of the south half; south half of the southwest quarter; and the southwest quarter of the southeast quarter of Section twelve; west half; west half of the east half of Section thirteen; east half of Section fourteen; northeast quarter; northeast quarter of the southeast quarter; northeast quarter of the southwest quarter; east half of the northwest quarter of Section twenty-three; northwest quarter of the northwest quarter of Section twenty-four all in Township 51 North of Range 62 West of the 6th Principal Meridian, Crook County, Wyoming consisting of 1560 acres appraised at $15.00 per acre a total of $23,400.00."

An appraisal was made of the property. The personal property was appraised at about $11,000 and the real property at $23,-400.

The widow accepted the provisions of the will which, insofar as is pertinent here, are as follows: After the payment of the indebtedness against the estate and a bequest of $500 to one Josephine Neff, nee Kokesh, the will provided that the testator gave, devised and bequeathed to his wife, Louise Kokesh, all the rest and residue of his property, real and personal. He provided, among other things, in connection with the gift to his wife:

" * * * And I expressly give and grant unto her the right, power and privilege of enjoying all the rents and profits therefrom and such portion of the principal as she may from time to time desire, with full power to sell or otherwise dispose of or mortgage or

hypothecate the same and to invest and reinvest the proceeds * * * and in all respects to manage, conduct, control, use and enjoy said property the same to all intents and purposes and with like effect as if she were the sole owner thereof * * *. * * * it is my wish and will that my wife during her life shall have fully and absolute use, management, enjoyment and control of my real estate without any restriction whatever, save and except as to the testamentary disposition thereof."

He further provided:

"Upon the death of my beloved wife, Louise Kokesh, I do give, devise and bequeath my real property to my beloved children, James Kokesh, Belle Fourche, South Dakota; Charles Kokesh, Sundance, Wyoming; Creta Minor, Nisland, South Dakota; Bertha Feeley, Greybull, Wyoming; Julia England, San Francisco, California; Arthur Kokesh, Colorado Springs, Colorado; Margaret Ellsbury, Aladdin, Wyoming; Joseph Kokesh, Sundance, Wyoming; and to my beloved granddaughter, Linda Louise Lanning, Aladdin, Wyoming, only child of my deceased daughter, Wynona Kokesh Lanning, in the following manner and proportions, to-wit:

"To my beloved son, Joseph Kokesh, all real estate owned by me at the time of my demise, to have and to hold the same forever.

"In making this bequest it is my wish and desire that the ranch now owned by me be kept intact, and I therefore have not devised the real property to my beloved children, James Kokesh, Charles Kokesh, Margaret Ellsbury, Creta Minor, Bertha Feeley, Julia England, Arthur Kokesh, and my beloved granddaughter, Linda Louise Lanning, but it is my intent that they and each of them be paid for their one-ninth (1/9) interest in the same by my son, Joseph Kokesh, at the price established by the appraisal of my estate, and that upon said appraisal price being established, the said Joseph Kokesh is to pay to each of them one-ninth (1/9) of said sum so fixed, less mortgages if any, either in cash or by execution of promissory notes, for said sum for said real property so that the ranch may be continued in operation by my said son, Joseph Kokesh, with the interests of my other children and granddaughter, being paid for by him. It is my wish and desire that not to exceed Seven (7) years' time be had by him for payment of the respective shares of interest to the other children and my granddaughter."

The will was duly admitted to probate on October 15, 1958, and Louise Kokesh, the widow of the deceased, was duly appointed as the executrix of the will.

On July 27, 1959, the executrix of the will filed her account and petition for final distribution. She described the property heretofore mentioned and stated that all debts and taxes against it were paid and that the estate was ready for distribution. She thereupon recited the provisions made for her own benefit and recited further:

"* * * said will further provides that Joseph Kokesh, son of the decedent, be authorized and empowered to pay to the following described persons, to-wit: James Kokesh, Charles Kokesh, Margaret Ellsbury, Creta Minor, Bertha Feeley, Julia England, Arthur Kokesh and Linda Louise Lanning, the one-ninth interest of each of said persons in and to the real estate owned by the decedent, the price to be established by the appraisal of the estate and the payment to be in cash or by execution of promissory notes, and that upon so doing that said Joseph Kokesh shall be entitled to all of the rest, residue and remainder of said real estate existing at the time of the death of said Louise Kokesh. * * *"

She further recited that Joseph Kokesh had elected to take the benefit granted to him and that he had executed a promissory

note to each of the residuary heirs except himself. The executrix thereupon prayed that her final account be approved and that all the property be distributed in accordance with the last will and testament of the decedent.

Attached to the petition is a copy of a note which Joseph Kokesh issued to the residuary heirs excepting himself and deposited the notes with the Clerk of the District Court of Crook County, Wyoming. On August 12, 1959, Charles H. Kokesh entered his objections to the final account and petition for final distribution, the substance of which will be mentioned hereafter.

The petition came on for hearing on November 24, 1959. The objections of Charles Kokesh were overruled. The decree recited the provisions of the will heretofore mentioned. The property was decreed and distributed to the widow of the deceased in accordance with the will. The decree further recited the provisions in reference to the residuary heirs and provided finally:

"* * * that upon such payment or execution and delivery of such notes, that said Joseph Kokesh shall be entitled to all of the rest, residue and remainder of said real estate existing at the time of the death of said Louise Kokesh. That said Joseph Kokesh has elected to take the benefits granted him under the last will and testament of the said decedent, and has executed his promissory note to each of said persons and deposited the same with the Clerk of the District Court. * * *

* * * * * *

"* * * in the event said land is not sold or conveyed by said Louise Kokesh, the same shall upon her death vest in fee simple and the fee simple title to said land is hereby set over and vested in Joseph Kokesh, subject to the powers and right of the widow, Louise Kokesh, hereinabove stated."

From that decree Charles Kokesh has appealed to this court. Counsel for appellant Charles Kokesh argue as follows:

"It is appellant's contention that the decree should be altered to set over to appellant and the other children and one grandchild of the testator the remainder interest in the real estate, and then go on to provide that upon the death of Louise Kokesh the life tenant, Joseph Kokesh may either pay appellant and the other children and one grandchild the value of their several interests in full and then become vested with fee simple title, or he may at that time execute and deliver to appellant and the other children and one grandchild promissory notes for the value of their several interests. If the latter course be adopted, it is appellant's view that he should retain his remainder interest until payment of the note is effected, and that the decree should so provide."

Counsel also state:

"It is further appellant's contention that the decree entered by the District Court erred in sanctioning the promissory notes which the Executrix deposited with the Clerk of the District Court, but that the decree should not permit the execution of such notes until the death of Louise Kokesh, at which time all the facts necessary for the drawing thereof or of making a cash payment will be known."

■ The provisions of the will are ambiguous and the construction placed upon it by the trial court cannot be said to be surprising. The testator devised the land in the first place (assuming that the wife did not dispose of it) to all the nine residuary heirs; then he qualified it and devised the land to Joseph Kokesh alone, subject to the terms mentioned in the will. The question then is as to whether or not, subject to the rights of the widow, he intended to create a mere creditor and debtor relation between Joseph and the other residuary heirs, as contended by appellee, or whether he intended, as contended by appellant, that the remaining residuary heirs should retain an interest in the land until their one-ninth in-

terest was paid. Some light is thrown upon that question by Section V of the will which devises the land the second time to all of the residuary heirs and reads as follows:

> "In the event that my beloved wife, Louise Kokesh, should she predecease me or if she should die in the same accident or catastrophe with me, then and in that event, I do give, devise and bequeath all the rest and residue of my estate of every kind and nature, and wheresoever the same may be situated to my beloved children and granddaughter under the same terms and conditions as set forth above in the preceding paragraphs."

It is quite certain, considering the will as a whole, that the testator intended (1) that Joseph should ultimately become the sole and unqualified owner of the land, and (2) that, subject to the rights of the widow, all the residuary heirs should have an equal share in the value thereof. The will should be interpreted to give effect to both of these purposes if possible. And in order that the interests of eight of the residuary heirs should not be nullified by the bankruptcy of Joseph or his other inability to pay, it would seem to be fair to hold that the intention of the testator was that these residuary heirs should, subject to the rights of the widow, each hold such one-ninth interest in and to the land until payment therefor had been made by Joseph. This, we think, is borne out by the provisions of the will. If it had contained the simple provision that Joseph should pay to the other heirs one-ninth of the value of the land, less mortgages, the contention of appellee would be correct. But it did not so provide. Thus the testator in one place stated, "it is my intent that they and each of them be paid for their *one-ninth* (1/9) *interest* in the same by my son." (Emphasis supplied.) He thus clearly stated that they each have such *one-ninth interest*

*in the land.* If a mere debtor and creditor relation was intended to be created by the testator, then clearly none but Joseph would have an *interest in the land.* Again the testator stated in his will, speaking of the residuary heirs other than Joseph, "with the interests of my other children and granddaughter, being paid for by him [Joseph]." Thus he clearly recognized that all the residuary heirs should have a one-ninth interest in the land and that no mere debtor and creditor relation was intended. The authorities cited by counsel for appellee as to contingent and vested remainders, cited to the effect that the law favors the early vesting of the remainder, are not in conflict herewith. The remainder is vested, but in all of the nine residuary heirs instead of only in one of them as counsel for appellee contend.

■ The appeal herein is by Charles Kokesh alone. All the other heirs have acquiesced in the decree of the district court. As to them the decree of the court is res judicata. This court has no authority to disturb or interfere with a matter which has become res judicata and the order of this court accordingly must be confined to the interests of Charles Kokesh alone. That may be done by a simple order without rewriting the whole decree. The trial court is directed to modify the decree herein to the effect that, subject to the provisions of the will in favor of the widow, Charles Kokesh retains a one-ninth interest in and to the land involved herein until he has been paid the heretofore appraised value thereof, less the proportionate share of any lands disposed of or liens created by the widow, such payment to be made within the time provided in the will. Thereupon the title to the whole of the land shall become the sole property of Joseph Kokesh. As so modified, the decree of the trial court is affirmed.

Affirmed as modified.