In the Matter of the ESTATE OF Hugh N. KOKESH, Deceased.

Charles R. KOKESH, Kim C. Kokesh, Michael O. Kokesh, and Patricia G. Kokesh, Appellants (Objectors),

v.

Joseph A. KOKESH, Appellee (Petitioner).

No. 83–14.

Supreme Court of Wyoming.

June 7, 1983.

Michael A. Maycock of Daly, Maycock, Anderson & Taylor, Gillette, for appellants.

Richard S. Dumbrill of Jones, Dumbrill & Hansen, Newcastle, for appellee.

Before ROONEY, C.J., and RAPER, THOMAS, ROSE and BROWN, JJ.

BROWN, Justice.

This case was first before us over twenty years ago, *In re Kokesh's Estate,* Wyo., 360 P.2d 368 (1961). In 1961 this court issued a mandate to the district court sitting in probate directing it to modify the decree of distribution.

The parties in the case here were parties and heirs of parties involved in In re Kokesh's Estate, supra. In 1982 Joseph Kokesh, legatee under the will, who is the appellee in the present case, petitioned the trial court to carry out our 1961 mandate. Charles R. Kokesh, Kim C. Kokesh, Michael O. Kokesh and Patricia G. Kokesh, heirs of the deceased Charles R. Kokesh, another legatee under the will, objected to appellee's petition. After hearing, the district court sitting in probate granted appellee's petition and entered its "Order Modifying Decree of Settlement of Accounts and Distribution Pursuant to Mandate of the Wyoming Supreme Court," from which appellants appeal.

We affirm.

When this court decided the case In re Kokesh's Estate, supra, the question centered on what interest the legatees were to receive under the terms of Hugh N. Kokesh's will. Charles R. Kokesh appealed the decree of distribution, alleging that Joseph Kokesh was not abiding by the terms of the will. The will left a life estate to the testator's wife, Louise Kokesh, including the power to mortgage or dispose of the real property, except that she could not make a testamentary disposition of the property. The will also provided:

"'Upon the death of my beloved wife, Louise Kokesh, I do give, devise and bequeath my real property to my beloved children * * * in the following manner and proportions, to-wit:

"'To my beloved son, Joseph Kokesh, all real estate owned by me at the time of my demise, to have and to hold the same forever.

"'In making this bequest it is my wish and desire that the ranch now owned by me be kept intact, and I therefore have not devised the real property to my beloved children * * * but it is my intent that they and each of them be paid for their one-ninth (⅑) interest in the same

by my son, Joseph Kokesh, at the price established by the appraisal of my estate, and that upon said appraisal price being established, the said Joseph Kokesh is to pay to each of them one-ninth (⅑) of said sum so fixed, less mortgages if any, either in cash or by execution of promissory notes, for said sum for said real property so that the ranch may be continued in operation by my said son, Joseph Kokesh, with the interests of my other children and granddaughter, being paid for by him. It is my wish and desire that not to exceed Seven (7) years' time be had by him for payment of the respective shares of interest to the other children and my granddaughter.' "

Charles R. Kokesh contended that under the will his interest was a vested remainder interest, and that, until Joseph Kokesh paid him, he and Joseph Kokesh were co-owners instead of merely creditor and debtor. This court agreed. We directed the probate court:

" * * * to modify the decree herein to the effect that, subject to the provisions of the will in favor of the widow, Charles Kokesh retains a one-ninth interest in and to the land involved herein until he has been paid the heretofore appraised value thereof, less the proportionate share of any lands disposed of or liens created by the widow, such payment to be made within the time provided in the will. Thereupon the title to the whole of the land shall become the sole property of Joseph Kokesh. * * * " In re Kokesh's Estate, supra, at 371.

The probate court in 1982 added the following language to the original decree: "It being understood that Charles R. Kokesh retains a one-ninth interest in and to the land involved herein until he has been paid the heretofore appraised value thereof, less the proportionate share of any lands disposed of or liens created by the widow, such payment to be made within the time provided in the will. Thereupon the title to the whole of the land shall become the sole property of Joseph Kokesh."

We have stated the rule concerning a court's power on remand:

"When a case is affirmed but remanded to the district court for modification of the judgment consistent with the appellate court's opinion, the trial court is bound to substantially comply with the mandate and its discretion is strictly limited. It has authority to determine only those issues directed by the mandate and opinion, and issues necessary to reach a decision on the mandated issues. 'If a cause is remanded for a specified purpose, any proceedings inconsistent therewith are error.' [Citations.]" *Sanders v. Gregory*, Wyo., 652 P.2d 25, 26 (1982).

Here, the court below used our exact words of In re Kokesh's Estate, supra, in its modification. Appellants specifically object to the last sentence that the title to the whole of the land shall become the sole property of Joseph Kokesh. They argue that the probate court quieted title, which it did not have jurisdiction to do.

"Lawyers spend a great deal of their time shoveling smoke," according to Oliver Wendell Holmes, Jr. That appears to be what appellants are doing here. They want us to believe that the wording is incorrect because neither they nor appellee would be able to bring "a quiet title action, partition suit, or other appropriate action * * * in the district court to settle the issue of when the seven years commences." Appellants make two incorrect assumptions. First, the trial court order modifying the decree did not quiet title in Joseph Kokesh. Second, the questions of when the seven-year period starts to run and of whether Joseph Kokesh has complied with the terms of the will are questions of interpretation of the will, to be handled in probate court.

■ It is unquestioned that in Wyoming a probate court is without jurisdiction to adjudicate title to property.

" * * * *In Estate of Blaney*, Wyo., 607 P.2d 354 (1980), this court quoted from the controlling rule * * * to the effect that title to property as between the estate, the heirs or devisees and a third

person may not be tried in probate proceedings. * * * " *Matter of Estate of Harrington*, Wyo., 648 P.2d 556, 559 (1982).

However, the decree of modification does not purport to quiet title. It only says that when appellee has complied with the terms of the will, the title to all of the land shall become his. Whatever title Hugh Kokesh had which was not disposed of by Louise Kokesh will pass to appellee upon compliance with the terms of the will. This decree determines the respective rights of appellee and of Charles R. Kokesh's heirs, not the type of title.

■ As to appellants' second assumption, they imply that they might want to go into district court to decide when the seven years commence. When a court is operating as a probate court, it is true that it may only consider matters relating to distribution and settlement of estates. *First Wyoming Bank, N.A.-Cheyenne v. First National Bank and Trust Company of Wyoming*, Wyo., 628 P.2d 1355 (1981). However, the question of when the seven-year period commences under the terms of the will is just such a matter. If the appellants are going to adjudicate when the seven years start and whether Joseph Kokesh has complied with the terms of the will, they will have to do so in probate court.[1]

■ Indeed, appellants tried to raise this question in their objection to appellee's petition, which prayed:

"3. That any such decree reflect that payment by Joseph A. Kokesh to Charles R. Kokesh was not made within the time provided by the Will of Hugh N. Kokesh and that the interest of Charles R. Kokesh in the Estate of Hugh N. Kokesh pass to the heirs at law of Charles R. Kokesh."

The probate court in its order modifying the 1961 decree specifically denied appellants' requested relief concerning the seven-year time period. We assume that it properly denied relief because it did not have the authority under the limits of our mandate to decide the matter. However, if it was making a ruling on the merits, perhaps appellants should take heed that they may face a difficult task in getting any court to agree with their interpretation of the will.

Affirmed.

THOMAS, Justice, dissenting, with whom ROSE, Justice, joins.

I do not really find fault in the disposition of this case by the majority of the court, but I do feel strongly enough about the fact of disposition that I am compelled to voice my disagreement. This appeal should have been dismissed. It should not have been considered on the merits. In *Snell v. Ruppert*, Wyo., 541 P.2d 1042, 1047 (1975), this court quoted the general rule as set forth in 4 C.J.S. Appeal and Error § 137a, p. 444, as follows:

"Generally, no appeal or error lies from or to a judgment entered pursuant to the mandate of an appellate court, but an appeal will lie from such judgment if it fails to conform to the mandate or involves matters not determined by the original appeal or follows new proceedings made necessary by the mandate."

---

1. It is questionable whether they could even adjudicate the issue of when the seven-year period starts, because they most probably would be estopped from doing so. Appellants argue that the seven years began with the death of Hugh Kokesh. They assert that the will should be interpreted to mean that Joseph Kokesh had to pay his debt to Charles Kokesh within seven years of Hugh Kokesh's death. Since Joseph has not done so, they want to assert that he no longer is able to elect under the will to purchase the land from them. This position is inconsistent with Charles R. Kokesh's position in the earlier case, where it was argued that the time should start to run upon the death of Louise Kokesh. Counsel for Charles R. Kokesh also argued that the decree should not permit the execution of the promissory notes until Louise Kokesh's death, "at which time all the facts necessary for the drawing thereof or of making a cash payment will be known." *In re Kokesh's Estate*, Wyo., 360 P.2d at 368, 370 (1961).

Appellee makes a sound argument in his brief that any interpretation which argues that the seven-year period commences with the death of Hugh Kokesh ignores the context of the will and is unreasonable when one realizes that Louise Kokesh at any time during her life had the right to sell the entire ranch to anyone.

My perception of this case is that none of the exceptions set forth in the latter portion of this rule apply, and this is a case in which no appeal should be considered.

The rationale behind the rule that the appellate court does not entertain an appeal from a judgment or order entered in accordance with its mandate by a lower court is stated quite aptly in *Stewart v. Salamon,* 97 U.S. 361, 361–362, 24 L.Ed. 1044 (1878):

> "An appeal will not be entertained by this court from a decree entered in the circuit or other inferior court, in exact accordance with our mandate upon a previous appeal. Such a decree, when entered, is in effect our decree, and the appeal would be from ourselves to ourselves. If such an appeal is taken, however, we will, upon the application of the appellee, examine the decree entered, and if it conforms to the mandate, dismiss the case with costs. If it does not, the case will be remanded with appropriate directions for the correction of the error. * * *"

While the appellant is seeking a re-examination of the prior opinion of this court, he obviously is not able to comply with the rules of this court relating to a rehearing. Rules 8.01 through 8.03, W.R.A.P. My perception of the majority opinion is that the other members of the court did not discover in any way that the order entered in the district court failed to conform to the mandate of this court. A re-examination of the case in such an instance in which the district court exactly follows the mandate is violative of the principles of res judicata and finality. This court recognized in *Potter v. Gilkey,* Wyo., 570 P.2d 449 (1977), the rule that a district court on remand has only such jurisdiction as the opinion and mandate of this court necessarily confers upon it. In the instant case, the district court was performing a ministerial act rather than a judicial function when it entered the order in accordance with the specific directions of this court. See *Scates v. Arizona Corporation Commission,* 124 Ariz. 73, 601 P.2d 1357 (1979); *Gaer v. Bank of Baker,* 113 Mont. 116, 122 P.2d 828 (1942); and the cases which are cited in *Snell v. Ruppert,* supra, 541 P.2d at 1047, n. 6.

The authority is overwhelming that this appeal should have been dismissed, and that would be in my judgment the correct disposition.