No. 86-155

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

KENNETH REINTSMA, RONALD HAVERLANDT,
et al.,

        Plaintiffs and Respondents,

   -vs-

ALBERT LAWSON and DANA YATSKO,

        Defendants and Appellants.

---

APPEAL FROM:  District Court of the Eighth Judicila District,
            In and for the County of Cascade,
            The Honorable John McCarvel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Cotter & Cotter; Patricia O'Brien Cotter, Great Falls,
        Montana

    For Respondent:

        Jardine, Stephenson, Blewett & Weaver; K Dale Schwanke,
        Great Falls, Montana

---

Submitted on Briefs: July 31, 1986

Decided:  October 30, 1986

Filed:

_____
              Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a judgment of the District Court of the Eighth Judicial District in and for the County of Cascade, Montana, granting plaintiffs injunctive relief and compensatory and punitive damages. We affirm in part, reverse in part and remand.

The plaintiffs and defendant Albert Lawson are all property owners in the Cooper Valley Estate subdivision located in Cascade County. This subdivision is a residential development, apparently comprised only of multi-acre lots designed to afford a convenient, rustic environment in which to live. To this end, each lot is subject to a number of restrictive covenants designed to maintain, as much as possible, the area's pristine state. The covenants expressly prohibit comprehensive logging operations.

In June, 1984, Lawson sought and obtained a consent certificate from the Cooper Valley Owners Association allowing him to remove from his property diseased and over-aged timber.

Plaintiffs, however, ultimately concluded that Lawson was removing far more than simply diseased and over-mature timber and so eventually filed this action in District Court. They sought as relief a permanent injunction enjoining defendant from conducting further logging operations within the development, compensatory damages for the diminution in value of their property, punitive damages and costs.

Lawson counterclaimed, alleging generally that in pursuing this litigation, plaintiffs were converting for their own use the assets of Cooper Valley Estates, Incorporated, a corporation mostly comprised of the subdivision's property owners. Lawson also claimed that plaintiffs' suit was frivolous and sought punitive damages.

The District Court held a bench trial in March, 1985. Though the record is incomplete, plaintiffs evidently withdrew their prayer for compensatory damages at the conclusion of trial.

On November 7, 1985, the court entered its findings of fact and conclusions of law. Therein, the court found that Lawson's activities went beyond the scope of the consent certificate and had violated the restrictive covenants. The court concluded that Lawson was permanently enjoined from conducting any further logging operations within the development. The court further found that Lawson was responsible for rehabilitating his property, the cost of which was at a minimum $30,000, and that the counterclaims brought by Lawson were without merit. Finally, the court directed that the plaintiffs should recover an award of costs and attorney's fees and instructed plaintiffs to submit an affidavit detailing these fees.

Believing the court's entry of its findings and conclusions constituted entry of judgment, Lawson filed, on November 21, a motion to amend the court's findings or for a new trial. In support of his motion, Lawson filed his own affidavit which indicated that between the time the trial was held in March and the time the court entered its findings and conclusions in November, he had spent over $43,000 on the rehabilitation of his own property.

Before any action was taken on this motion, however, the court issued on November 27, 1985, a "Judgment Entered Pursuant to Court's Findings of Fact and Conclusions of Law of November 7, 1985." Here, the court, in addition to awarding plaintiffs' injunctive relief, awarded plaintiffs $30,000 in compensatory damages and stated that a hearing would be held to determine any rights to attorney's fees.

3

Both parties filed motions to amend this judgment. On December 6, 1985, plaintiffs filed a memorandum in opposition to Lawson's motion to amend or for a new trial which he had earlier filed on November 21. Plaintiffs further filed their own motion to amend the court's findings, requesting both that the court award plaintiffs punitive damages and that it award plaintiffs attorney's fees and costs. Plaintiffs additionally filed a motion to strike Lawson's affidavit filed November 21 and, finally, filed affidavits detailing their attorney's fees and costs.

On December 9, Lawson filed a supplementary motion for new trial.

On December 13, 1985, the District Court held a hearing on the various motions and pleadings filed by the parties. Six days later it issued its order. The court, reiterating its earlier finding that Lawson's counterclaims were without merit, held that plaintiffs were entitled to punitive damages and awarded such damages "by way of compensating the plaintiffs for their attorney's fees and costs incurred in the proceedings." The court, however, awarded only one-half of plaintiffs' requested $25,000 attorney's fees, so that the punitive damage award was limited to $12,500, plus plaintiffs' costs.

Finally, on January 6, 1986, the District Court entered its "Final Judgment." In this judgment, the court first restated that Lawson was enjoined from any further logging operations within the Cooper Valley Estates subdivision. The court then awarded plaintiffs' damages totalling over $46,000: $30,000 in compensatory damages; $12,500 attorney's fees; and $4,190.49 in costs.

Lawson now appeals the court's entry of its November 27 judgment and its award of compensatory and punitive damages;

4

he does not appeal the adequacy of the court's findings of fact and conclusions of law entered November 7.

Plaintiffs cross-appeal the court's award of only one-half of the attorney's fees sought.

I

Appellant first argues that the District Court abused its discretion by substituting its initial November 7 judgment with its subsequent, altered judgment of November 27. This argument is of course based upon the premise that entry of the November 7 findings and conclusions constituted entry of a judgment. We disagree.

As noted, in its November 7 findings and conclusions, the court found that Lawson was responsible for the rehabilitation of his property, the cost of which was at least $30,000. The court further concluded as a matter of law that Lawson was permanently enjoined from conducting any further logging within the area. The findings and conclusions ended with the sentence, "Let judgment be entered accordingly." On November 8, the clerk of court entered in the judgment docket the court's findings and conclusions.

Then on November 27, the court issued its judgment entered pursuant to its findings and conclusions. There, the court, in addition to enjoining defendant's further logging operations, awarded plaintiffs $30,000 compensatory damages. Appellant contends that because the November 7 findings and conclusions were properly entered by the clerk, a proper judgment had been entered and the District Court was thereafter powerless to enter its November 27 judgment which materially altered its November 7 judgment. Appellant asserts he suffered prejudice because the District Court did not award plaintiffs compensatory damages under its first judgment, but did under its second. This, appellant

5

concludes, constituted abuse of discretion where the plaintiffs had not filed any motion to amend the November 7 judgment.

Appellant's argument fails from the outset. This Court has long held that findings of fact and conclusions of law do not constitute the judgment, but merely form the basis upon which the judgments are subsequently to be rendered. Woodward v. Perkins (1946), 119 Mont. 11, 15, 171 P.2d 997, 998; Conway v. Fabian (1939), 108 Mont. 287, 303, 89 P.2d 1022, 1028; Galiger v. McNulty (1927), 80 Mont. 339, 351, 260 P. 401, 403.

In Woodward, supra, the District Court, as in our case, filed its findings of fact and conclusions of law prior to its entry of formal judgment. Appellant later appealed, inter alia, from a "decision" of the District Court, "set forth in [its] Findings of Fact, and Conclusions of Law . . ." In dismissing that portion of the appeal, this Court stated that the decision of the District Court based upon its findings and conclusions did not constitute a judgment and therefore was not appealable. Woodward, 171 P.2d at 998. Accord, Turnbull v. Brown (1953), 126 Mont. 548, 254 P.2d 1085, (Adair, C.J., specially concurring).

Likewise, entry in our case of the court's findings and conclusions did not constitute a judgment, notwithstanding the statement that judgment be entered.


II

Appellant's second argument is that the District Court abused its discretion by awarding plaintiffs compensatory damages. Appellant specifically asserts that the court erred by awarding compensatory damages when plaintiffs themselves dropped their prayer for such an award.

6

We agree. We cannot affirm an award of compensatory damages where plaintiffs themselves dropped their demand for such an award. Appellant failed to provide us with a transcript of the proceedings below so that we are unable to determine whether this award is supported by sufficient, credible evidence. Typically, such a failure would work against appellant. Here, however, plaintiffs conceded in a post-trial motion that they were unable to provide sufficient evidence to justify a compensatory damage award:

> Counsel for the plaintiffs spent sometime trying to develop this issue prior to trial and finally determined that it was not worthwhile because appropriate proof could not be submitted.

We therefore find the District Court erred in awarding plaintiffs compensatory damages and vacate this award.


## III

Next, appellant contests the District Court's award of punitive damages. In its December 19 "Award of Attorney Fees," the court awarded plaintiffs punitive damages by way of compensating plaintiffs for one-half their attorney's fees plus costs.

Without intending to express any opinion on the propriety of a punitive damage award in general, we are not persuaded that an award of attorney's fees and costs, entered under the guise of punitive damages, is appropriate in this case. We recognize, however, that under the circumstances of this case, a punitive damage award may be proper. We therefore vacate this award, but remand this issue to the District Court for its determination of whether a proper punitive damage award is warranted.


## IV

Finally, we note that the District Court stated in its findings and conclusions that Lawson was responsible for the rehabilitation of his properties and had estimated the cost to be at least $30,000. Lawson, prior to entry of the court's November 27 judgment, had filed an affidavit stating that he had already expended approximately $43,000 in the rehabilitation of his properties. A review of the pre-trial proceedings and docket entries reflects that the motion of plaintiffs to strike Lawson's affidavit was never officially denied. We therefore remand this issue with instructions to determine whether Lawson has sufficiently rehabilitated his property.

In conclusion, we approve the District Court's filing of its November 27 judgment, but reverse the court's award of compensatory damages. We vacate and remand the court's award of punitive damages. Upon remand, we instruct the District Court to determine whether appellant has satisfactorily rehabilitated his property.

<span style="white-space:pre">                                        </span>_____
<span style="white-space:pre">                                        </span>Justice

We concur:

_____

_____

_____

_____
Justices